## ALVIN HASKIN *v.* MERRITT RECORD.

### *Trespass.*

The plaintiff, having the right to enter upon certain land belonging to another, upon which was standing both pine and cedar timber, which timber belonged to the plaintiff, sold to the defendant the pine timber and the right to enter upon the land to cut and carry it away. Both parties having entered upon the land to cut and carry away the timber belonging to them respectively, the defendant carried away some of the cedar felled by the plaintiff; *Held,* that the plaintiff could maintain tresspass *quare clausum fregit* therefor.

TRESPASS in three counts, the two first *quare clausum fregit*, and the third *de bonis asportatis.* Plea the general issue, with notice of a license from the plaintiff to the defendant, to do the acts complained of. Trial by jury at the September Term, 1859,— ALDIS, J., presiding.

The plaintiff introduced in evidence a deed from Alexis White to Elijah Hungerford and Hollis Hastings, of the *locus in quo,* dated March 23, 1838. This deed conveyed to the grantees the land in question in order that they might take therefrom all the cedar, pine and tamarack timber growing thereon, and provided that when such timber should be removed, the land should revert to the grantor.

The plaintiff also introduced as evidence a contract between Hollis Hastings and himself, by which the former sold the latter all the tamarack, pine and cedar timber on the west half of the piece of land described in the deed from Alexis White to Hastings and Hungerford.

The plaintiff also gave evidence tending to show that he closed this contract with Hastings on the 19th of January, 1855, and that on the next day in the forenoon he entered on the land in question, and began to cut cedar timber, and that while so in possession of the premises the defendant entered thereon and cut and carried away the buts and tops of the cedar trees which the plaintiff had felled. It appeared that Hungerford and the plaintiff had divided between them the timber while standing, the former taking that on the east half and the latter that on the west half of the land.

The defendant gave in evidence in written contract between

the plaintiff and himself, dated January 19th 1855, by which the former acknowledged the receipt from the latter of seventy-five dollars in full for the pine timber upon the land in question, and agreed to return such money to the defendant if the plaintiff should not be able to close a trade with Hastings, giving him a good title to such pine timber.

The defendant's evidence also tended to show that afterwards on the same day the plaintiff, for a valuable consideration, verbally agreed to sell the defendant all the buts and tops of the cedar timber, then standing on the premises, and which the plaintiff was then expecting to buy of Hastings, with the condition to such verbal contract that it should be of no effect if the plaintiff should fail to buy such timber of Hastings; that the plaintiff closed his expected trade with Hastings on the evening of the 19th of January, and notified the defendant thereof on the next morning; that the pine and cedar timber were scattered indiscriminately over the whole premises; that very soon after the plaintiff had entered upon the premises and had begun to cut the cedar timber for the purpose of using the bodies of the trees, the defendant also entered thereon under his written and his verbal contracts above mentioned, for the purpose of cutting and taking away the pine timber under the former, and the cedar tops and buts under the latter; that in order to cut and draw away such pine and such cedar buts and tops, it was necessary for him to enter upon and occupy, for the time, such premises, and that for that purpose alone he did enter upon and occupy them.

The plaintiff then introduced evidence tending to prove that no such verbal contract, as the defendant claimed in regard to the cedar tops and buts, was made between the parties, but he admitted that he had sold the pine timber to the defendant, and that the latter entered upon the land for the purpose of cutting and carrying such pine timber.

It also appeared that at the time the defendant drew away the cedar tops and buts, he had entered upon the premises and was cutting off the pine under his written contract, and that the plaintiff at the same time was upon the premises cutting and drawing off the bodies of the cedar trees.

The defendant requested the court to charge the jury that the

plaintiff could not maintain his action upon the two first counts, for breaking and entering the plaintiff's close. The court declined so to charge, but told the jury that although the defendant had the right to enter upon the premises and occupy the same for the purpose of cutting and drawing off the pine, and although at the time of the alleged trespass he was upon the premises engaged in cutting and drawing off the pine, still if they should find that there was no contract between the plaintiff and the defendant as to the cedar buts and tops, and that the defendant had no right to draw them off and that he did draw them off, then the plaintiff could recover for such cedar tops and buts, as well upon the two first counts as upon the third count.

The jury returned a general verdict for the plaintiff. To the refusal of the court to charge as requested, and to the charge as given, as above detailed, the defendant excepted.

*J. J. Deavitt* and *H. R. Beardsley*, for the defendant.

———— ————, for the plaintiff.

PIERPOINT, J. The declaration in this case contains three counts; in the first two the plaintiff declares upon a trespass "*quare clausum*," and in the third, on a trespass "*de bonis.*"

The court charged the jury that upon the facts as stated in the bill of exceptions, if found to be true, the plaintiff was entitled to recover on either of the counts.

The defendant insists that the charge was erroneous. He concedes that upon the facts found, the plaintiff was entitled to recover on the third count, but denies that trespass *qu. cl.* can be maintained, and that as the verdict is general, a new trial for that reason must be awarded.

In support of this position, it is claimed that the plaintiff and the defendant were the joint and common possessors of the premises on which the property in question was situated; that they were tenants in common of the possession, having a joint and equal right to enter upon each and every part of the premises on which the timber was situated, and that being such tenants in

38

common, an action of trespass *qu. cl.* cannot be maintained by the plaintiff for the injury complained of.

The general principle seems to be well settled, that one tenant in common cannot maintain trespass *qu. cl.* for an entry upon, or a mere injury to the common property; and if the relation exist-ing between the plaintiff and the defendant at the time of the act complained of, was such as is contended for, the objection to the charge of the court would seem to be well taken.

But we think these parties cannot be regarded in any sense as tenants in comman, or as having any joint interest or right in the realty or in the timber. The rights of each were entirely sepa-rate and distinct from those of the other. The plaintiff having the right to all the timber upon the premises except the pine, with the right to enter and remove it, and having entered for the purpose of removing it, is to be regarded as in the possession of the premises for all purposes, and to the extent, necessary to ena-ble him to accomplish it and no further. Beyond this he has no interest in the premises and no right to the possession, but to this extent his right and his possession are exclusive, both as to the defendant and the owner of the soil, and if either were to enter upon the premises, and do any act in violation of these rights, the plaintiff would have his remedy by an action of trespass *qu. cl.* So, too, of the defendant, he is the owner of the pine timber with the right to enter and remove it. The case shows him to be in pos-session of the premises for the purpose of removing the pine at the same time that the plaintiff is in possession for the purpose of removing the other timber. Their possession is like their inter-est, not joint, but separate, and limited by the extent of their interest, and the possession of both does not constitute the entire possession, for except for the purpose of removing the timber the owner of the soil is to be regarded as in the possession, and for any injury to the freehold, not affecting the rights of the plain-tiff or the defendant, in this suit, the owner of the soil could maintain the action of trespass *qu. cl.*

In this case, therefore, when the defendant, being in possession for the purpose of removing the pine timber, goes further and takes the cedar timber belonging to the plaintiff, and for the

removal of which he is in possession, as the exceptions show, such act of the defendant is not only a violation of the plaintiff's right of property, but is a violation of his possession; and this cannot be affected by the fact that the defendant has the right to go to all parts of the premises where the pine timber is to be found to remove it. As it is only to that extent that he is to be regarded as in possession, when he goes beyond this, as he must in all cases where he attempts to take the other timber, he becomes a trespasser on the possession of the plaintiff; he goes where he has no right to go, and where he has no possession, his possession being limited by his right.

We think the acts of the defendant were such that the plaintiff was entitled to his action of trespass *qu. cl.* therefor, and that there was no error in the charge of the court.

But if it was not so, it is not easy to see how the defendant could have sustained any injury thereby, it being conceded that the plaintiff, under the finding of the jury, was entitled to a verdict upon the third count, and as the plaintiff claimed to recover nothing but what he would have been entitled to recover under that count, it would seem that the verdict must have been the same if the charge had been in this respect as requested by the defendant, but under the view which we have already taken of the case, this consideration becomes unimportant.

The judgment of the county court is affirmed.