JAMES POLLOCK, RESPONDENT, *v.* JAMES H. CUMMINGS, PETITIONER.

JURISDICTION OF JUSTICE'S COURT.—An action for trespass on real property is within the jurisdiction of a Justice of the Peace, where the damages sued for are less than three hundred dollars.

CONSTITUTIONAL CONSTRUCTION.—To constitute a case which involves the possession of real property, within the meaning of the sixth section of Article VI of the Constitution, it is not enough that the possession is a fact in controversy, or incidentally in question, or that the *fact* of possession is in issue; but the *right* of possession must be involved in the action.

IDEM.—It is the intention of the Constitution to give exclusive jurisdiction to the District Courts in those cases only in which the *right* to the possession is involved.

The case of *Holman* v. *Taylor* (31 Cal. 338), commented on and explained.

PRACTICE ON PETITION FOR CERTIORARI.—When a party to an action procures a writ of certiorari to bring up the record and proceedings before a higher tribunal, he should give notice thereof to the adverse party in the action.

CERTIORARI to the County Court of Sacramento County.

The case is stated in the opinion.

*Robinson, Ramage & Dunlap,* for Petitioner.

*Alexander & Armstrong,* for Respondent.

RHODES, J., delivered the opinion of the Court.

Certiorari to the County Court to bring up for review the record in an action tried and determined in that Court on appeal from a Justice of the Peace. The principal question is whether the Justice of the Peace had jurisdiction of the

action. The action is quite anomalous in character. The plaintiff alleges that he *is* in possession of certain real estate —but does not describe the real estate—and that he had the same in cultivation, raising grain and other produce thereon at certain specified times; and, after describing the injury to his grain, occasioned by the defendant's horses, etc., he alleges that, by reason of such wrongful act of the defendant, he has sustained damage to the amount of $100, "which amount defendant became bound and undertook and promised to pay plaintiff." This is the averment of a contract, the matters stated in the complaint before the clause above cited constituting the consideration of the defendant's promise. The Justice of the Peace had jurisdiction of an action on an obligation, contract or agreement for the payment of the sum of money mentioned.

But, rejecting as surplusage the averment of the defendant's promise, and treating the action as an action of trespass, it is still within the jurisdiction of a Justice of the Peace. In *Holman* v. *Taylor* (31 Cal. 338), the title of the respective parties to certain parcels of real estate was in issue, and in ascertaining the meaning of the clause of the Constitution "all cases at law which involve the title or possession of real property," the subject of possession was considered, but only by way of argument, and for the purpose of illustration; and in the discussion our language was not in all respects sufficiently guarded and definite. To constitute a case which involves the possession of real property, it is not enough that the possession is a fact in controversy, or incidentally in question, or that the *fact* of possession is in issue; but the *right of possession* must be involved in the action. The paraphrase of the clause of the Constitution, given in *Holman* v. *Taylor*, would be more accurate, and would more fully express our idea of the meaning of that clause, if given in this language : "Cases at law in which the title or *right* of possession of real property is a material fact in the case, upon which the plaintiff relies for a recovery, or the defendant for a defense." The allegation of the right of possession is quite different from that of possession in fact, which may constitute merely the basis of some right or claim

constituting the cause of action, or the defense to the action. In an action for use and occupation, the possession of the defendant may be alleged on the one side and denied on the other without presenting an issue as to the right of possession. And so, in an action of trespass upon real property, the plaintiff may recover upon alleging and showing, in addition to the injury complained of, his possession of the premises; and his *right* to the possession is not involved unless the defendant tenders an issue upon that fact, and in such case, as was said in *Holman* v. *Taylor*, the right of recovery depends both upon possession in fact and the right of possession. In our judgment, it was not the intention to withdraw from Justices of the Peace and other inferior Courts, and confer upon the District Courts, jurisdiction of cases of the character of those mentioned, in which the right of possession is not involved; but it was intended to give to the latter Courts jurisdiction of cases involving the *right* of possession of real property.

The practice adopted in this case cannot be commended. The return is made by annexing to the petition a certificate that it is a full, true and correct copy of the pleadings and proceedings in the action. If that document constitutes the return, then there is no petition, unless the same document is both petition and return.

There is no express provision in the statute that when a party to an action applies for or procures a writ of certiorari to bring up the record and proceedings in the action he shall notify the adverse party; but it is provided by the 457th Section that the Court may order notice of the application to be given to him. It is obvious, however, that he should be duly notified of the proceedings, for the judgment annulling the judgment of the inferior tribunal would not bind him, unless he had his day in Court, on the hearing of the certiorari. Notice of these proceedings ought, therefore, to have been given to the defendant to the action.

Judgment affirmed.

By SANDERSON, J.: I concur in the judgment.