* [No. 5687.]

## J. H. LIVINGSTON v. WM. MORGAN.

JURISDICTION OF JUSTICE'S COURT—TRESPASS TO REAL PROPERTY.—An action for trespass on real property, in removing fences, is within the jurisdiction of a Justice of the Peace where the gravamen of the action is plaintiff's possession of the land, and the damages are laid at less than three hundred dollars.

JUDGMENT IN GOLD COIN rendered in an action for tort is irregular, and will be modified on appeal.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

The action was brought in a Justice's Court to recover two hundred and ninety-nine dollars damages for removing a fence, of which the plaintiff was the owner, (so he alleged) from land alleged to be in possession of plaintiff. The defendant answered, setting up title to the land, and under sec. 838 Code of Civil Procedure the action was transferred to the District Court, where it was tried without a jury, and the plaintiff had judgment in the sum of one hundred and seventeen dollars " in gold coin." The defendant appealed.

*Eli R. Chase,* for Appellant, cited *Pollock* v. *Cummings,* 38 Cal. 684.

*H. Mills* and *J. P. Jones,* for Respondent.

By the COURT:

The only respect in which this case is claimed by appellant to differ from that of *Pollock* v. *Cummings*, 38 Cal. 683, is in the fact that the complaint here alleges that the plaintiff was the *owner* of the fences standing upon the land mentioned therein. But this averment added nothing to the complaint or to the cause of action therein set forth, and the gravamen of which was the fact of possession of the land by the plaintiff when the alleged trespasses were committed by the defendant.

The averment as to ownership of fences might be stricken out, and the cause of action and proof which might have been adduced in its support would be precisely the same.

We think, therefore, upon the views stated in the case referred to, the Justice must be held to have had jurisdiction of the action before its transfer to the Court below.

II. But the judgment for *gold coin* cannot be supported, and it must be modified accordingly.

The judgment of the Court below is therefore modified by striking therefrom the words "*in gold coin of the United States*" and the cause remanded with directions to make such modification; the appellant not to recover any costs occasioned by this appeal.