[No. 11566.  Department Two. — May 28, 1887.]

AUGUST HEILBRON ET AL., RESPONDENTS, v. JOHN HEINLEN ET AL., APPELLANTS.

TRESPASS QUARE CLAUSUM — ACTION BY TENANT — ACTUAL POSSESSION — EVIDENCE TO REBUT — STATUTE OF LIMITATIONS. — A tenant for years cannot maintain an action to recover damages for a trespass upon the leased premises, unless he was in the actual possession thereof at the time of the alleged entry of the defendant; and for the purpose of showing that the plaintiff was not so in the possession, evidence is admissible, without a plea of the statute of limitations, that the defendant then was, and for many years prior thereto had been, in the adverse possession thereof.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*G. A. Heinlen,* and *Atwell & Bradley,* for Appellants.

*D. S. Terry,* for Respondents.

BELCHER, C. C.—This is an action to recover damages for trespass upon real property.

It is alleged in the complaint that for more than two years last past, the plaintiffs had been seised and possessed of all that certain tract of land in the counties of Fresno and Tulare, known as the rancho Laguna de Tache, containing about forty-eight thousand acres, and for which a patent, dated March 6, 1866, was issued by the United States to Manuel Castro; that on the seventeenth day of December, 1883, the plaintiffs were engaged in constructing a fence of posts and wire along the right bank of Kings River, which is the southern boundary of

the rancho, and had completed the fence for a great part of said line; that on the day named, the defendants, without right and against the will of plaintiffs, cut and destroyed the said fence for a distance of about one and a half miles on sections 30 and 31 in township 18 south, range 20 east, and on a portion of section 36 in township 18 south, range 19 east, and also cut and destroyed the posts which had been set by plaintiffs for the purpose of building a fence for a distance of about two and one half miles on sections 1 and 2 in township 19 south, range 19 east.

The defendants, by their answer, deny that the plaintiffs are or ever were seised or possessed, or entitled to the possession, of the lands described in their complaint; deny that the plaintiffs at the time named, or at any time, were engaged in constructing, or had constructed, any fence along the right bank of Kings River; and deny that at any time they, or either of them, ever cut or destroyed any fence for any distance, on any sections, in any township or range, or cut or destroyed any posts on any sections, in any township or range, or at all, upon any lands of plaintiffs, or any or either of them, or that the posts or fence, alleged to have been cut or destroyed, were situate upon any lands of the plaintiffs, or either of them.

At the trial, the plaintiffs introduced in evidence the patent, with the map attached thereto, from the United States to Castro, deeds from Castro conveying the whole rancho to Jeremiah Clark, and a lease of the whole rancho, dated May 1, 1880, from Clark to the plaintiffs, for a term of ten years. They then called a witness to prove the building of the fence and setting of the posts along the right bank of Kings River on the sections named, and that the fence and posts were cut and destroyed by certain parties, who said they were in the employment of defendants.

The defendants then called several witnesses, some of

whom had lived near and known Kings River and the sections of land named in the complaint since 1857, and others for shorter periods, who testified that the fence constructed and posts planted by the plaintiffs were not upon the right or north bank of that river, but upon the bank of a slough which commences on the south side of the river in section 30, township 18 south, range 20 east, and runs thence south of the river and at a considerable distance from it to section 12, township 19 south, range 19 east; that the slough has never carried any water except in times of high water, and is, and always has been, known as Button Willow Slough.

The defendants then introduced in evidence swamp-land certificates of purchase, and patents from the state, conveying to the defendant, John Heinlen, all the lands lying between the river and slough, and on which the fence and posts were placed, except that part thereof lying in section 30, township 18 south, range 20 east, and for that they introduced a similar patent to Justin Esrcy.

The defendants then offered to prove by competent witnesses that for the last ten or fifteen years they had been in the quiet and peaceable possession of all the land described in their patents and certificates of purchase, and that they had continuously used and occupied it, by farming a portion of it, and grazing stock upon it. The plaintiffs objected to this testimony, upon the ground that the defendants had not pleaded the statute of limitations, and therefore it was incompetent and inadmissible under the pleadings.

The court sustained the objection, the defendants reserving an exception; and this presents the principal question for consideration in the case.

It will be observed that the plaintiffs claimed to be tenants of the property, and that they offered no proofs to show that they had ever taken, or been in, the actual possession of it. And that they did not claim possession is shown by statements made by their counsel during the

progress of the trial as follows: "We don't rely upon anything but strict legal right. We don't claim by virtue of possession."

The question then is, What must a tenant show in order to maintain an action of trespass *quare clausum?*

In *Pollock* v. *Cummings,* 38 Cal. 685, the court says: "In an action of trespass upon real property, the plaintiff may recover upon alleging and showing, in addition to the injury complained of, his possession of the premises; and his *right* to the possession is not involved, unless the defendant tenders an issue upon that fact, and in such case, as was said in *Holman* v. *Taylor,* 31 Cal. 338, the right of recovery depends both upon possession in fact and the right of possession."

In *Uttendorffer* v. *Saegers,* 50 Cal. 496, the defendant pleaded a general denial, and the court said: "The action is trespass *quare clausum.* Its *gravamen* is the alleged possession of the plaintiff at the time of the entry of the defendant. In this view, the offer of the defendant to show that a tenant of the plaintiff, and not the plaintiff himself, was in the actual possession at the time of the alleged trespass, should have been allowed."

In *Raffetto* v. *Fiori,* 50 Cal. 363, the plaintiffs obtained a patent for mining ground, and brought an action of trespass against the defendants for working the ground and taking gold therefrom. The defendants were in possession of the ground, claiming title thereto before the patent was issued; and when the action was brought and tried, it was held that the action of trespass could not be maintained.

There have been several other analogous cases in this state, where it was held that the owner of land could not maintain replevin for crops harvested therefrom by one in the adverse possession of the land, the court saying that the title to real property could not thus be tried in a personal action. (*Page* v. *Fowler,* 37 Cal. 100; S. C., 39 Cal. 412; *Penneybecker* v. *McDougal,* 46 Cal. 661.)

In Greenleaf on Evidence, section 613, it is said: "Though the right of property may, and often does, come into controversy in this action [trespass], yet the *gist* of the action is the injury done to plaintiff's possession. The substance of the declaration therefore is, that the defendant has forcibly and wrongfully injured property in the possession of the plaintiff, and under the general issue the plaintiff must prove,—1. That the property was in his possession at the time of the injury, and this rightly as against the defendant; and 2. That the injury was committed by defendant with force."

There are many other authorities to the same effect, but they need not be cited.

Here the defendants denied the plaintiff's possession of the *locus in quo*, and offered to show their want of possession by proving that defendants had been in possession of the land, using it for farming and grazing purposes, for ten or fifteen years. The object was not to prove title in the defendants under the statute of limitations, and it was not necessary that the statute should have been pleaded in order to make the testimony admissible.

In our opinion, the court erred in excluding the offered testimony, and the judgment and order should therefore be reversed, and the cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.