## ODD FELLOWS' SAVINGS BANK v. TURMAN.

### No. 14,487; August 30, 1892.

#### 30 Pac. 966.

**Trespass—Title to Maintain.**—Certified Transcripts of several recorded deeds, the first purporting to convey "a portion" of certain land, but not designating any particular portion, the second a "further portion," and the third the "remaining portion," offered without any showing of title in the grantors or that the grantee had entered claiming under the said deeds, are not sufficient evidence of title to enable the grantee to maintain an action for trespass on the land.

**Trespass—Possession.**—Evidence of the survey of land, made for the purpose of locating a certain lake, an advertisement of the land for sale or rent, and a notification to a certain stockman to keep his stock off of "that land," is not sufficient, as to actual possession, to enable the alleged owner to maintain an action for trespass on the land.[1]

**Trespass — Defense — Estoppel.**— The fact that defendant, in an action for trespass on land, makes the defense that the land was not fenced, does not estop him afterward from denying plaintiff's ownership of the land.

APPEAL from Superior Court, Colusa County; E. A. Bridgford, Judge.

Trespass by the Odd Fellows' Savings Bank against H. B. Turman. Judgment for defendant. Plaintiff appeals. Affirmed.

Clark & Aram for appellant; H. M. Albery for respondent.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendant and from an order denying a new trial. In the complaint (which was not verified) it is averred that plaintiff is, and during a certain named period was, "the owner of and lawfully in possession of" a large body of land described by legal subdivisions; and

---

[1] Cited in Rogers v. Duhart, 97 Cal. 506, 32 Pac. 571, and distinguished from a case where the plaintiff, in trespass, has good title as lessee.

that during the said named period defendant's cattle pastured on said land, and destroyed grass, hay, etc., to plaintiff's damage in the sum of $3,000. In the answer "each and every allegation" of the complaint is denied. The court found that plaintiff was not either the owner or in possession of any part of the land described in the complaint at any time mentioned therein, and the evidence clearly warrants said finding. To prove paper title, plaintiff introduced a properly certified transcript of a recorded deed from one Maurice Dore to plaintiff, which purported to convey "a portion" of the land described in the complaint—what portion does not appear. There was then introduced a defective certificate of another recorded deed from said Dore to plaintiff of a "further portion" of said lands, and another defective certificate of a recorded deed to plaintiff from one Fisher of the "remaining portion" thereof. This was all the evidence offered on that subject. There was no evidence tending to show that either said Dore or Fisher ever had title, or any estate or interest whatever, in any part of said land. There was no attempt to trace the title to its paramount source, and therefore no title was shown. There was no evidence that plaintiff entered upon said land, or any part of it, claiming under either of said deeds, and therefore there was no color of title shown.

There was no evidence showing that plaintiff was ever in the actual possession of the land or of any part of it. It is mostly tule land, unfenced and uninclosed. An agent of plaintiff visited the land once, and had some surveying done for the purpose of locating a certain Coon lake; and he also at one time advertised it for sale or rent, but had no offers. He also notified defendant's agent once to keep his cattle off "that land." These were the only acts done in the premises, and, of course, they did not constitute actual possession.

Appellant contends that there is some evidence of plaintiff's title to some parts of the land in certain answers of its witness Hiatt, given on cross-examination, in which he says, without objection, that "the bank owns" certain mentioned small tracts. But these answers were in response to questions in cross-examination, evidently, not with reference to the subject of title or ownership, but for the pur-

pose of locating the lands claimed by appellant, and distinguishing them from lands claimed by Mr. Parks, and it was clearly so understood by both the questioner and the witness. Hiatt had testified in chief about the lands "described in the complaint," but he did not say or pretend to know anything about the title. At the end of his cross-examination he said: "I am only answering from the map; that is the only way I can answer it." The form of the answers, therefore, cannot be taken as evidence—certainly not as sufficient evidence—to establish title or ownership. The correct finding that appellant had no ownership or possession of the land renders it unnecessary to examine the somewhat complicated question as to what fence law obtains in Sutter county. The point that, because respondent made the separate defense that the lands described in the complaint were not fenced, he is estopped from denying that appellant owned them, is obviously too untenable to need discussion. Judgment and order affirmed.

We concur: De Haven, J.; Sharpstein, J.