[No. 19095.   Department One. — March 10, 1893 ]

JOSEPH ROGERS, RESPONDENT, *v.* JEAN DUHART,
APPELLANT.

PLEADING — CODE SYSTEM — FORMS OF ACTION — ACTION ON THE CASE. —
Under the code system of pleading, forms of action are cast aside, and
every action is now, in effect, a special action on the case.

ID. — COMPLAINT — STATEMENT OF CAUSE OF ACTION. — A complaint need
only state the cause of action in ordinary and concise language; and if
the facts alleged and proved are such as to entitle the plaintiff to relief
under any of the recognized forms of action at common law, they are
sufficient as the basis of relief, whatever it may be.

ID. — INJURY TO REAL PROPERTY — CASE — ALLEGATION OF POSSESSION —
SURPLUSAGE. — In an action to recover damages for injuries to real
property, where the plaintiff shows facts which would entitle him to re-
lief in a common-law action on the case, the fact that he alleges that he
was in possession is immaterial, and the allegation may be treated as
surplusage.

LANDLORD AND TENANT — PRESUMPTION — POSSESSION AS SERVANT. — The
presumption that when a tenancy is shown the continued possession of
the tenant is in the same capacity, is overcome by proof of an express
agreement by the terms of which the tenant is to hold possession as a
mere servant.

ID. — ABUSE OF LICENSE TO OCCUPY LAND — TRESPASS. — A person who
has been permitted to occupy land for a particular purpose, whether as
a servant or licensee, becomes a trespasser by abusing the privilege, or
committing any act hostile to the interests of his employer or licensor.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee,* for Appellant.

Plaintiff, being a tenant out of possession, cannot maintain this action. (*Heilbron* v. *Heinlen,* 72 Cal. 371; *Holman* v. *Taylor,* 31 Cal. 338, 340; *Pollock* v. *Cummings,* 38 Cal. 685; *Uttendorffer* v. *Saegers,* 50 Cal. 496.) Defendant was a tenant by sufferance, and was not liable to an action of trespass until there was an actual ouster. (*Rising* v. *Stannard,* 17 Mass. 287; Taylor on Landlord and Tenant, sec. 64.)

*J. L. Murphy,* for Respondent.

As the common-law actions of trespass are abolished, and under the code only the actual facts need be stated, the cases cited that apply to the strict common-law action where a forcible and unlawful intrusion is pleaded are not in point, and the complaint is sufficient. (Pomeroy's Remedies and Remedial Rights, secs. 111, 232.) Assuming that the defendant was a tenant, still an action of trespass would lie, as the plaintiff was in actual possession of the land, holding the legal title thereto prior to and at the time of the bringing of the suit. (Taylor on Landlord and Tenant, sec. 773.) The defendant was not entitled to notice to quit, and no demand for possession was necessary. (*Joy* v. *McKay,* 70 Cal. 445; *Hauxhurst* v. *Lobree,* 38 Cal. 563; Taylor on Landlord and Tenant, sec. 64; *McLeran* v. *Benton,* 73 Cal. 339.) A tenant at sufferance is liable to an action of trespass. (*McLeran* v. *Benton,* 73 Cal. 339, 340; 2 Am. St. Rep. 814; *Reckow* v. *Shousk,* 43 N. Y. 451.) The plaintiff, having entered upon the premises, could sue the defendant in trespass, as the entry, by relation, gave the plaintiff possession back to February 2d. (2 Waterman on Trespass, sec. 961; *Smith* v. *Wunderlich,* 70 Ill. 426; *Morgan* v. *Varick,* 8 Wend. 587; *Dewey* v. *Osborne,* 4 Cow. 329; *Leland* v. *Tousey,* 6 Hill, 328; Taylor on Landlord and Tenant, 7th ed., secs. 765, 774; Waterman on Trespass, sec. 931; 2 Greenl. Ev., sec. 619; *Butcher* v. *Butcher,* 7

Barn. & C. 399.) But the defendant was not a tenant; he was either a servant or mere licensee. (*Callen* v. *Hilty*, 14 Pa. St. 287; Gear on Landlord and Tenant, sec. 1, note 13; sec. 5, note 1; sec. 168, note 4; *Mitchell* v. *Davis*, 20 Cal. 45; Taylor on Landlord and Tenant, sec. 25; *Chesley* v. *Brockway*, 34 Vt. 550; *Kelly* v. *Waite*, 12 Met. 302; 13 Am. & Eng. Ency. of Law, 539, and note; *Wheeler* v. *West*, 71 Cal. 129.) Whether the defendant was a tenant or servant was a question for the jury. (*State* v. *Hayes*, 59 N. H. 450; *Cunningham* v. *Savings Bank*, 138 Mass. 480.)

PATERSON, J.— The complaint alleges that the executors of the estate of Miguel Leonis let and demised unto the plaintiff certain lands belonging to the estate for the term of eight months from and after February 1, 1891, and thereupon plaintiff took possession of and has ever since held the same; that on February 1, 1891, the defendant " entered upon the plaintiff's said described property, and drove into and kept upon the said land about four hundred head of cattle and about three thousand head of sheep, and trod down and depastured and destroyed all the grass and herbage thereon, and so kept the said cattle and sheep upon the same continually thereafter and until on or about the seventeenth day of April, 1891, . . . . without the consent of plaintiff, and to his damage in the sum of two thousand dollars."

The facts of the case are not disputed. They show that defendant had the right to pasture four hundred head of cattle upon the lands until the first day of September, 1890; that after this right expired, the executors gave him " permission to pasture upon the said lands his gentle band of cattle, consisting of fifty or sixty head, until the thirty-first day of December, 1890, in consideration of the said defendant watching over the place, and keeping the cattle of all other parties off "; that at the time of giving said permission the executors notified the defendant " that he must remove his cattle on the thirty-first day of December, 1890, and that under

no consideration was the defendant, Duhart, to keep or allow any sheep to run upon the said ranch, and that was the only permission given defendant by either of the executors to be or have his cattle upon said ranch after the first day of September, 1890 "; that a few days after September 1st, one of the executors told the defendant to remove his cattle from the ranch, and that he gave said executor "to understand that he had removed them, though he did not state só in so many words, — he stated that he had sold them, or was about to sell them; that the defendant permitted two thousand head of sheep, three hundred head of cattle, and twenty-five head of horses belonging to him to graze upon the land in question from January 1, 1891, until April 17, 1891; that neither the plaintiff nor the executors had knowledge of the fact that plaintiff's sheep, cattle, and horses were upon the lands subsequent to December 31, 1890, but supposed that he had removed them from the premises in accordance with his instructions, and that they did not know that he had abused the privilege granted to him on or about September 1, 1890; that the lands described in the complaint were uninclosed pasture lands, and neither plaintiff nor any one on his behalf took possession of the land, or any part thereof, until about the twelfth day of April, 1891; that plaintiff has sustained damages in the sum of nine hundred dollars by reason of the wrongful act of the defendant, as charged in the complaint.

The briefs are devoted chiefly to a discussion of the question whether an action trespass *quare clausum fregit* can be maintained by one who was not in the actual possession of the land at the time the acts complained of were performed. The respondent refers to cases showing that actual possession is not in all cases essential, and the appellant insists that the exceptions are confined to cases in which the plaintiffs were the owners, —where the title draws to it the possession for the purpose of redressing injuries to the estate.

It would be a useless thing to attempt to reconcile the

cases on this subject. Decisions adhering to the common-law rules of pleading are seldom of any value in determining the sufficiency of a pleading under the code, and sometimes lead to serious departures from its letter and spirit. With us, mere forms of action are cast aside. Every action is now, in effect, a special action on the case. (*Jones* v. *Steamer Cortes,* 17 Cal. 487; 79 Am. Dec. 142; *Goulet* v. *Asseler,* 22 N. Y. 225; *Matthews* v. *McPherson,* 65 N. C. 189; *Brown* v. *Bridges,* 31 Iowa, 145.) And the rigid formalism and subtle distinctions found in the rules governing the common-law forms of action are as inapplicable and inane under the modern plan of procedure as the highly dramatic speech, senseless repetitions, and symbolic gestures of the formulæ prescribed for the five forms of civil actions by the decemvirs of ancient Rome.

Does the complaint state in ordinary and concise language facts sufficient to constitute a cause of action? That is the question, and not whether it is sufficient to show trespass *quare clausum,* trespass *vi et armis,* or any other technical form of action, *ex delicto* or *ex contractu.*

The common-law rule is, that if plaintiff declare in trespass *quare clausum,* where the action should be *case,* he will be nonsuited at the trial; but under our system, if the *facts* alleged and proved are such as would have entitled the plaintiff to relief under any of the recognized forms of action at common law, they are sufficient as the basis of relief, whatever it may be.

The bill of exceptions herein states facts which would entitle plaintiff to relief in an action on the *case,* which includes torts not committed with force actual or implied, injuries committed to property of which plaintiff has the reversion only, and, in fact, all injuries not provided for in other forms of action. The fact that the plaintiff alleges he was in possession is immaterial. The allegation may be treated as surplusage. "Superfluity does not vitiate." "The nature of the right of action has not been changed, nor has the amount of damages recoverable been affected, but the special and technical

rules which govern the use of the two common-law actions mentioned ('trespass' and 'case') have certainly been abrogated." (Pomeroy's Remedies and Remedial Rights, sec. 232.) The damages recoverable in the common-law action of trespass *quare clausum* are for the wrong done to the plaintiff's *possession*, as well as to the inheritance, and where the entry is with actual force, treble damages are frequently allowed. While the plaintiff is not permitted to recover such damages under the facts proved in the case, he is certainly entitled to recover such damages as would have been recoverable if the action were the common-law " action of case." To hold that the plaintiff could not recover would be to restore the old distinctions between these technical actions. (Pomeroy's Remedies and Remedial Rights, sec. 232, note 2.)

There is nothing decided in any of the cases upon which the appellant relied opposed to the views which we have expressed. The statements upon this subject in *Holman* v. *Taylor*, 31 Cal. 340, and *Pollock* v. *Cummings*, 38 Cal. 685, are *dicta*. In *Uttendorffer* v. *Saegers*, 50 Cal. 497, it was alleged that the defendant forcibly entered upon the premises and tore down the buildings, etc. It was claimed by the appellant that the action was trespass *quare clausum*. Respondent denied this, asserting that it was an action by the owner for damages done to the inheritance. The court held with the appellant, but did not hold that the action could not be maintained unless the plaintiff was in possession. The case simply holds that evidence of the possession of the tenant was material on the question of damages. The question of the sufficiency of the complaint or of the facts found to constitute a cause of action in *case* was not considered in any of the cases referred to. In *Heilbron* v. *Heinlen*, 72 Cal. 371, the court held that the defendants were entitled to show that at the time of the acts charged in the complaint they were in quiet and peaceable possession of the land, claiming the same under certificates of purchase and patents, and had con-

tinuously used and occupied it for ten or eleven years prior to the commencement of the action. The decision followed the doctrine announced in *Page* v. *Fowler*, 37 Cal. 100, viz., that a personal action cannot be made the means of litigating and determining the rights to the possession of real property, as between conflicting claimants. In *Odd Fellows' Sav. Bank* v. *Turman*, 30 Pac. Rep. 966, it appeared that the plaintiff did not have title, and he neither had possession nor the right of possession.

In the case at bar there is no pretense that the defendant was claiming adversely to any one. He vacated the premises promptly upon receiving a written notice on behalf of plaintiff demanding possession, and so states in his answer. He was never at any time after September 1, 1890, a tenant. Admitting that when a tenancy is shown the presumption from his continued possession is that he holds in the same capacity, there is here shown an express agreement by the terms of which he was simply to have the privilege of pasturing fifty or sixty head of cattle on the land, in consideration of his services in caring for the property, and seeing that other stock did not trespass on the land. The presumption is therefore overcome. (*Bertie* v. *Beaumont*, 16 East, 33.) Defendant contends that he was a tenant at sufferance after December 31, 1891, but this is a mistake. He was a mere servant. (*Haywood* v. *Miller*, 3 Hill, 90; *Robertson* v. *George*, 7 N. H. 308.) His possession was the possession of his employer. He could not have maintained an action against any one for trespass, nor would he have been a necessary party plaintiff with the owner in a suit to recover damages for injury to the property. (*Ogden* v. *Gibbons*, 5 N. J. L. 534.) Whether he be regarded as a servant or licensee, the result is the same. He was there for a particular purpose, and the moment he abused the privilege, or committed any act hostile to the interests of his employer or licensor, he became a trespasser. (*Lyford* v. *Putnam*,

35 N. H. 563; *Looram* v. *Burlingame*, 16 La. Ann. 199; *People* v. *Fields*, 1 Lans. 222; *Haskin* v. *Record*, 32 Vt. 575.)

Judgment and order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.