## STUFFLEBEEM et al. v. HICKMAN et al.

### Sac. No. 410; May 31, 1898.

#### 53 Pac. 438.

**Trespass—Claimants Under Lessee.—Owner of Land Who Leases** it with understanding that the lessee, if he cannot keep stock of strangers off, shall charge them for the use thereof, cannot maintain trespass against one who, on his cattle intruding thereon, arranges with the lessee to use the land for his stock for the season for a certain amount; and it is immaterial whether the money so collected belonged to the tenant or land owner.

APPEAL from Superior Court, Tulare County; Wheaton A. Gray, Judge.

Action by J. H. Stufflebeem and others against A. W. Hickman and others. Judgment for defendants. Plaintiffs appeal. Affirmed.

Chas. G. Lamberson for appellants; Geo. G. Murry for respondents.

SEARLS, C.—This action was brought in a justice's court to recover damages for trespass upon real property, by entry thereon with cattle, horses and other stock, and depasturing the land from May 1, 1893, to November 27, 1893. The cause was, upon the coming in of a sworn answer showing that the trial would involve the issue of possession to the locus in quo, transferred to the superior court for trial. A jury trial was had and a verdict rendered in favor of defendants, upon which judgment was entered for costs. Plaintiffs appeal from the judgment, and from an order denying their motion for a new trial. Defendants A. W. Hickman and Henry Mentz answered jointly, and, among other things, admitted the ownership by plaintiffs of the two sections of land described in the complaint, to wit, sections 27 and 33 in township 20 S., range 29 E., Mt. D. B. and M., county of Tulare, state of California. They denied, however, that plaintiffs were in the possession thereof, or entitled to the possession thereof, during the period when the alleged trespasses were charged to have occurred. On the contrary, they averred that plaintiffs leased said lands to one John McKiernan, who was in

2

possession thereof by virtue of said lease during all of said time; that said McKiernan sublet the same to them, etc. In other words, they claimed to have been lawfully in possession as subtenants under John McKiernan, who was lawfully there.

The only question in the case worthy of comment relates to the sufficiency of the evidence to support the verdict. The testimony was somewhat brief, and by no means conclusive; but, such as it was, giving full credence to that of the defendants, as the jury doubtless did, and as in the case of a conflict we are bound to do, in favor of the verdict, we think it sufficient to support the conclusion reached by the jury. The testimony of J. M. McKiernan was in substance that in 1893 he considered he had a verbal lease of the land from plaintiffs; that "he made the lease with John Stufflebeem, one of plaintiffs." He says: "I told John Stufflebeem that I wanted to gather my cattle, and wanted a place to put them, and that I would keep the stock off his land if he would let me use it. He said, if I did not come back on him for pay, all right. I said if I could not keep the stock off the land, I would make them pay for it." It further appeared that the stock of these defendants and of one Hubbs did intrude upon the land, and that thereupon McKiernan arranged with these defendants for them to use the land for their stock for the season, in consideration of twenty dollars, which they paid, and pastured their stock thereon from the early spring until, say, July, when they took it away. A similar arrangement was made and a like payment had from Hubbs. It also appeared that McKiernan was to repair the fence, which he claimed he did. That McKiernan was in possession, and that he sublet to defendants, was not seriously disputed. The conduct of plaintiffs in the premises also lends strength to the theory of defendants. For nearly three years after these transactions the sole claim of plaintiffs seems to have been that they were entitled to have from McKiernan the $40 which he had recovered from the subtenants. Failing to recover this, the present action of trespass was brought.

The case of Rogers v. Duhart, 97 Cal. 500, 32 Pac. 570, is relied upon by plaintiffs as in point, and as conclusive in their favor. In that case it was apparent that the defendant had clearly violated the terms under which he was permitted to depasture the land. In this case, we think, the

jury was justified in finding from the evidence and conduct of the parties that it was understood that, if McKiernan could not keep the stock of strangers off the land, he was to charge them for the use thereof. Whether or not the plaintiffs were entitled to the moneys thus collected by McKiernan is a question not necessary to be determined in this action. We recommend that the judgment and order appealed from be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.