Robles, Respondent, *v.* Robles, Appellant.

Appeal from the District Court of Humacao.

No. 936.—Decided April 29, 1913.

Trespass—Lessee.—The lessee of a property who is in possession thereof may bring the action for trespass provided for in section 279 of the Code of Civil Procedure.

Evidence—Objection—Waiver.—Any evidence may be considered by the court in the absence of an objection to the admission thereof, and the right to object will be deemed to have been waived where it is not made use of.

Id.—Contract of Lease—Appeal.—When a party consents to the introduction of the testimony of witnesses to prove the existence of a written contract of lease he cannot allege on appeal that sufficient evidence of the contract was not presented, the maxim *consensus tollit errorem* being applicable.

The facts are stated in the opinion.

*Mr. Francisco González* for appellant.

*Messrs. Aponte* and *Aponte* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

José H. Robles filed a sworn complaint in the District Court of Humacao for trespass, damages, and wilful infringement of property rights, alleging as follows:

1. That the plaintiff is in the possession and use of a

rural estate, composed of 22 *cuerdas* of land, in the municipal district of Fajardo, by virtue of a lease properly executed.

2. That the plaintiff uses said property as timber and pasture lands and has so used it since he entered into possession thereof and, according to his information and belief, the previous usufructuaries used the land for the same purposes.

3. That the defendant, without legal authorization and against the wishes of the plaintiff, entered upon the said property on various days and occasions during the present year 1910, and wilfully and high-handedly cut timber and fire-wood from said land, thereby causing great damage to the underbrush and pasture as well as to the trees growing thereon.

4. The plaintiff alleges that the property in question is the object of continual trespass on the part of the defendant, who frequently, either personally or through his agents, enters the property, destroys the fences and cuts the trees with the object of damaging the plaintiff or of deriving personal benefit therefrom.

5. That by reason of the foregoing acts of the defendant the plaintiff has been damaged to an amount exceeding $600.

On the basis of such allegations the plaintiff prayed the court to enter judgment against the defendant for the said sum of $600 as treble damages, and furthermore that the said defendant, his agents, employes, and servants be enjoined from entering and damaging the said property hereafter.

The defendant filed an answer to the complaint denying specifically each and every allegation therein contained and set up as new matter of defense the following: That he is joint owner with his father and brothers of a larger property which includes the land referred to in the complaint; that he in his capacity of joint owner has not leased the estate to the plaintiff nor to any other person; that the defend-

ant inherited the property from his mother who owned it jointly with his father as conjugal-partnership property, and that as no testamentary proceedings had been instituted on his mother's estate, the defendant is now in possession of the property as common joint owner with the other heirs.

After the introduction of evidence and the termination of the trial the judge made the following findings of fact:

1. That the plaintiff and defendant are of age and residents of Fajardo, P. R.

2. That the plaintiff and defendant are half-brothers, the latter being born of the first marriage of Ramón Robles to Antonia Morales, and the former of the second marriage of said Robles to Felícita Ríos.

3. That the first wife of Ramón Robles, María Antonia Morales, died on March 21, 1878.

4. That on April 28, 1880, or about two years after the death of his first wife, Ramón Robles purchased from Tomás Ríos a rural estate containing 33 *cuerdas* of land situated in *barrio* Las Cabezas of Fajardo, P. R., which property is that referred to in the complaint. It also appears from the will of Ramón Robles, executed on February 29, 1904, before Notary Public Antonio de Aldrey, that neither of the spouses brought any real property to the conjugal partnership.

5. That for about two years, under contract of lease with his father, the plaintiff had been in possession of a piece of land containing 20 *cuerdas* which forms part of the aforesaid estate of 33 *cuerdas*.

6. That on June 24, 1910, the defendant entered the property so leased to the plaintiff and cut and took away 213 posts worth $15 a hundred and 182 poles of various sizes, whose total value amounted to $150.

7. That although it appears from the testimony of some of the witnesses that the acts of the defendant caused damages to the property, it has not been shown of what the said damages consisted nor the pecuniary extent thereof.

And the following conclusions of law were reached:

1. That the parties herein have the necessary legal capacity to sue and be sued.

2. That the plaintiff is entitled to recover from the defendant the value of the timber taken amounting to $181.95—that is to say, $150 for the poles and $31.95 for the posts—but not to the treble damages prayed for. The court bases its conclusion on the ground that neither the damage alleged to have been caused nor the extent thereof has been proved.

3. That the defendant, personally or through his employes, agents, or servants, should not enter upon the property in question during the existence of the lease executed in favor of the plaintiff herein.

4. That neither of the parties is entitled to costs.

In his brief the appellant contends that the trial court committed error in finding that the existence of a contract of lease had been established, and also that the complaint does not contain facts sufficient to sustain the action brought.

Let us begin by considering this last contention.

Section 279 of the Code of Civil Procedure, on which the complaint apparently is based, states:

"Any person who cuts down or carries off any wood or underwood, tree or timber, or girdles, or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village or city lot, or cultivated grounds; or on the commons or public ground of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, in a civil action, in any court having jurisdiction."

The appellant contends that, according to the provisions of the statute, only the owner of the property may bring suit, and that as the plaintiff is not the owner, but the lessee, he has no cause of action against the defendant.

Greenleaf in his work on Evidence, in section 613, says:

"Though the right of *property* may and often does come in controversy in this action, yet the *gist* of the action (trespass) is the injury done to the plaintiff's possession. The substance of the declaration therefore is, that the defendant has forcibly and wrongfully injured the property in the possession of the plaintiff; and under the general issue the plaintiff must prove, (1) that the property was in his possession at the time of the injury, and this rightfully, as against the defendant; and (2) that the injury was committed by the defendant with force."

The Supreme Court of California in the case of *Heilbron* v. *Heinlen,* 72 Cal., 371, decided on May 28, 1887, cites Greenleaf as above quoted and established the doctrine that "a tenant for years cannot maintain an action to recover damages for a trespass upon leased premises, unless he was in the actual possession thereof at the time of the alleged entry of the defendant."

Section 279 of our Code of Civil Procedure is the same as section 1302 of that of Montana and the decision in the case of *Heilbron* v. *Heinlen* is referred to in the notes under said section 1302 in support of the theory that the action referred to in said section may be brought by a lessee. Sections 279 of the Porto Rico code and 1302 of the Montana code are similar to section 733 of the California code, the last mentioned having been repealed by the Act of March 8, 1901, which went into effect July 1 of the same year. The case of *Heilbron* v. *Heinlen,* as already observed, was decided prior to July 1, 1901.

In the case at bar the plaintiff alleged that he was the lessee of the property; that he was in possession thereof; that he used it as pasture and timber land; and that the defendant, without legal authorization and against the wishes of the plaintiff, entered upon the property and in a wilful and high-handed manner cut timber and firewood, thereby damaging the underbrush, pasture, and trees.

Granting that the plaintiff was not the owner of the land,

nevertheless he was the owner of its pastures and, according to the complaint, even of the timber thereon; and as the timber and pasture were precisely what had been damaged by the defendant, a reasonable interpretation of the statute leads us to the conclusion that the action was properly brought by the lessee.

But the question as to whether or not the case at bar is governed by section 279 of the Code of Civil Procedure is not of conclusive importance in this suit. The trial court in rendering final judgment did not allow the plaintiff the treble damages prayed for, but limited itself to adjudging that the defendant pay the plaintiff the value of the timber which the former had unlawfully cut and removed from the property. The court did not find that the element of malice or evil intention on the part of the defendant had been proven, and in fact did not apply the provisions of section 279 of the Code of Civil Procedure, but the general principles of law providing for the return to the owner of what he has been unjustly deprived of or in lieu thereof its reasonable value, as the case may be. And it is evident that the grounds alleged in the complaint were more than sufficient to support said judgment.

Having so decided as to the sufficiency of the complaint, we will now see whether the trial court committed the error attributed to it in holding that the existence of the contract of lease had been proven.

In the complaint it was alleged that the plaintiff was the lessee of the property in question and at the trial of the case the plaintiff offered as evidence, to prove the contract of lease, a private document which the court refused to admit, but the statement of the case does not show the ground on which the court based its refusal. An examination of the oral testimony shows that the plaintiff testified under oath and without objection on the part of defendant that he held the property under lease and that another witness, Pablo

Rivera, also testified under oath and without objection by the defendant "that José Robles had called him to witness the cutting of some timber *on a property which he had ,leased,"* etc.

The appellant defendant now bases his contention that the trial court erred in holding that the existence of the contract of lease had been proved on the fact that the private document was not admitted in evidence and on the provisions of section 7 of the Law of Evidence (Acts of 1905, p. 105) to the effect that a written instrument is the best possible evidence of its existence and contents. But in view of the attitude of the defendant himself during the trial, it is manifestly too late to raise such a question. The defendant allowed the introduction of oral testimony regarding the lease without interposing any objection, the court credited the testimony of the witnesses and on the said evidence the court was justified in finding, as it did, that the existence of the contract of lease had been proven.

"* * *. It is a principle of law that any probatory testimony may be considered by the court if no objection is made to its admission. What is not objected to is generally waived. *Burton* v. *Driggs,.* 20 Wall., 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 462; *Patrick* v. *Graham,* 132 U. S., 627; *Coinden* v. *Doremus,* 3 How., 515. This is an application of the maxim *consensus tollit errorem."* *Falero et al.* v. *Falero,* 15 P. R. R., 111, 115.

Having thus decided the only two questions submitted by the appellant, the appeal is dismissed and the judgment appealed from affirmed in all its parts.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.