Robles, Apelado, *v.* Robles, Apelante.

Apelación procedente de la Corte de Distrito de Humacao.

No. 936.—Resuelto en abril 29, 1913.

Violación del Derecho de Propiedad (Trespass)—Arrendatario.—El arrendatario de una finca que está en posesión de la misma puede ejercitar la acción de voluntaria violación del derecho de propiedad (*trespass*) prevista en el artículo 279 del Código de Enjuiciamiento Civil.

Pruebas—Falta de Objeción.—Cualquier testimonio probatorio puede ser considerado por la corte, si no se presenta objeción alguna a la admisión del mismo y el derecho de objeción se considera renunciado si no se ejercita.

Id.—Contrato de Arrendamiento—Prueba Testifical.—Cuando una parte consiente la presentación de prueba testifical para probar la existencia de un contrato escrito de arrendamiento, no puede en apelación alegar que no se presentó prueba suficiente de dicho contrato, siendo aplicable la máxima *consensus tollit errorem.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogados del apelado: *Sres. Aponte y Aponte.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

José H. Robles presentó una demanda jurada en la Corte de Distrito de Humacao sobre perturbación, menoscabo y voluntaria violación del derecho de propiedad, alegando:

1. Que el demandante tiene en posesión y disfruta una finca rústica compuesta de 22 cuerdas, en el término muni-

cipal de Fajardo, mediante contrato de arrendamiento debidamente extendido. 2. Que dicha finca la dedica el demandante a pastos y maderas, y así ha venido destinándola desde que entró en posesión de ella, y, según información y creencia, los anteriores usufructuarios también la dedicaban al mismo objeto. 3. Que el demandado, sin autorización legal para ello, y contraviniendo los deseos del demandante, penetró en la finca antes mencionada durante varios días y épocas en el presente año 1910, y, voluntaria y jactanciosamente cortó madera y leña del dicho terreno, causándole gran menoscabo a la maleza y pastos, así como a los árboles allí sembrados. 4. El demandante alega que la finca en cuestión viene siendo objeto de continuas invasiones por parte del demandado, quien, con frecuencia, ya por sí, ya mediante otras personas bajo sus órdenes, penetra en la finca, destruye las cercas y estropea los árboles con el propósito de causar daños al demandante, o para beneficiarse con tales actos. 5. Que los hechos realizados por el demandado han redundado en detrimento del demandante por una cantidad que excede de seiscientos dólares.

Basándose en tales alegaciones, el demandante suplicó a la corte que dictara sentencia en contra del demandado por la indicada suma de seiscientos pesos en concepto de *treble damages,* y ordenándole además, que se abstuviera en lo sucesivo, ya por sí, ya por medio de sus empleados, agentes o sirvientes, de penetrar en la finca de referencia y causar tales daños.

El demandado contestó la demanda negando específicamente cada una de sus alegaciones y alegando como materia nueva: Que es condueño en unión de su padre y de sus hermanos de una finca de mayor cabida en la que está incluído el terreno a que se refiere la demanda; que el demandado en su carácter de condueño no ha arrendado la finca ni al demandante ni a ninguna otra persona; que el demandado adquirió la finca por herencia de su madre quién la poseía en unión del padre del demandado en concepto de bienes ganan-

ciales, y que por no haberse promovido la testamentaría de la madre del demandado, éste posee actualmente la finca en común proindiviso con los demás herederos.

Celebrada la vista y practicadas las pruebas, el juez declaró probados los siguientes hechos:

1. Que las partes demandante y demandada son mayores de edad y vecinos de Fajardo, P. R. 2. Que el demandante y demandado, son hermanos, el segundo nacido del primer matrimonio de Ramón Robles con Antonia Morales, y el primero, del segundo matrimonio de dicho Robles, con Felícita Ríos. 3. Que la primera esposa de Ramón Robles, María Antonia Morales, falleció en 21 de marzo de 1878. 4. Que en 28 de abril de 1880, o sea próximamente dos años después de la muerte de su esposa primera, Ramón Robles compró a Tomás Ríos, una finca rústica, compuesta de treinta y tres cuerdas de terrenos, en el barrio de las Cabezas de Fajardo, P. R., y que dicha finca es a la que se refiere la demanda. Como asimismo aparece del testamento de Ramón Robles hecho en 29 de febrero de 1904, ante el notario público Antonio de Aldrey, que ninguna de sus esposas aportó inmuebles al matrimonio. 5. Que hace como dos años que el demandante se encuentra en posesión por arrendamiento héchole por su padre de una porción de veinte cuerdas, que forma parte de la finca de treinta y tres cuerdas a que antes se hace referencia. 6. Que en 24 de junio de 1910, el demandado penetró en la finca que el demandante tiene arrendada, y cortó doscientos trece espeques de a quince dólares el ciento, y ciento ochenta y dos varas de varios tamaños, cuyo valor total asciende a ciento cincuenta dólares cuyos espeques y varas se llevó el demandado para su casa. 7. Que si bien aparece de las declaraciones de algunos testigos que los actos del demandante ocasionaron menoscabo a la finca, no se ha probado en qué consistió dicho menoscabo y a cuánto podía ascender el daño causado.

Y estableció las siguientes conclusiones de derecho:

1. Que las partes tienen capacidad legal para demandar

y ser demandadas. 2. Que el demandante tiene derecho a recobrar del demandado el valor de las maderas extraídas, ascendentes a ciento ochenta y un dólares noventa y cinco centavos o sea, ciento cincuenta dólares por las varas y treinta y un dólares noventa y cinco centavos por los espeques, pero. nó el triple de los daños que solicita. La corte basa su conclusión, en que no se ha demostrado la existencia de los daños, o la cuantía de éstos   *   *   *. 3. Que el demandado Damián Robles no debe por sí, ni por sus empleados, agentes, o sirvientes, penetrar en la finca en litigio mientras dure el contrato de arrendamiento del actual demandante. 4. Que las partes no tienen derecho a costas.

En su alegato la parte apelante sostiene que la corte sentenciadora cometió error al declarar probada la existencia del contrato de arrendamiento, y, además, que la demanda no aduce hechos suficientes para sostener la acción ejercitada.

Examinemos en primer término esta última cuestión.

El artículo 279 del Código de Enjuiciamiento Civil, en el que aparentemente se basó la demanda, dice así:

"Toda persona que sin autorización legal para ello cortare o extrajere leña o maleza, árbol o madera, o descortezare o de otro modo estropeare algún árbol o madera en los terrenos de otra persona, o en la calle o en camino público que pase por frente de la casa de alguien o de algún solar de población o caserío o de terrenos cultivados o en tierras comunes o públicas de una ciudad o pueblo, o en la calle o camino público que pase por frente de aquéllas, incurrirá en responsabilidad para con el dueño de tal tierra-o para con la ciudad o pueblo por el triple del importe de los perjuicios que hubiere causado y que se determinen en pleito civil seguido ante una corte."

El apelante sostiene que la acción, de acuerdo con los términos en que está redactado el estatuto, sólo corresponde al dueño de la finca, y como el demandante no es dueño sino arrendatario, debe concluirse que no tiene acción alguna en contra del demandado.

Greenleaf, en la sección 613 de su obra sobre Evidencia, dice: "Aunque el derecho de propiedad puede, y así sucede

a menudo, controvertirse en esta acción (*trespass*), aun así lo esencial de la acción está en el daño hecho a la posesión del demandante. Lo sustancial de la demanda es, por tanto, que el demandado a la fuerza y con aviesa intención, cause daños a alguna propiedad en cuya posesión esté el demandante, y bajo esta alegación general el demandante debe probar: 1. Que la propiedad estaba legalmente en su posesión al tiempo de verificarse el daño, y 2. Que el daño fué realizado a la fuerza por el demandado.''

La Corte Suprema de California, en el caso de *Heilbron* v. *Heinlen,* 72 Cal., 371, decidido en mayo 28, 1887, cita las palabras de Greenleaf que dejamos transcritas, y establece la doctrina de que ''un arrendatario por años no puede sostener una acción para recobrar daños por un *trespass* sobre la base del arrendamiento, a menos que esté en posesión actual de la cosa arrendada en el momento en que verificó la entrada en la misma el demandado.''

La sección 279 de nuestro Código de Enjuiciamiento Civil, es igual a la 1302 del de Montana, y la sentencia de *Heilbron* v. *Heinlen* arriba citada se invoca en las anotaciones de la expresada sección 1302, para sostener la teoría, de que la acción a que se refiere dicho precepto legal, puede ejercitarse por un arrendatario. Las secciones 279 del Código de Puerto Rico y 1302 del de Montana son iguales a la 733 del de California, habiendo sido esta última derogada por la ley de 8 de marzo de 1901 que comenzó a regir el 1 de julio del propio año. La sentencia de *Heilbron* v. *Heinlen,* se dictó, como hemos anotado, antes del 1º. de julio de 1901.

En este caso que resolvemos, el demandante alegó que tenía arrendada la finca; que estaba en posesión de la misma; que la dedicaba a pastos y maderas, y que el demandado, sin autorización legal y contra la voluntad del demandante, penetró en la finca y voluntaria y jactanciosamente cortó madera y leña y causó menoscabo en la maleza, los pastos y los árboles.

Si bien el demandante no era el dueño de la tierra, tenía

derecho a la propiedad de sus pastos y aun, de acuerdo con la demanda, a la explotación de sus maderas, y como las madéras y los pastos fueron los directamente dañados por el demandado, de ahí que la interpretación racional del estatuto nos lleve a concluir, que la acción establecida en un caso de la naturaleza del presente, pueda ejercitarse por el arrendatario.

Pero la cuestión de si el caso se rige o nó por la sección 279 del Código de Enjuiciamiento Civil, no es de importancia decisiva en este pleito. La corte sentenciadora al resolverlo finalmente no concedió al demandante el triple de los daños que solicitara, sino que se limitó a ordenar que el demandado pagara al demandante el importe de las maderas que había cortado y extraído de la finca sin derecho alguno. La corte no estimó probado el elemento de malicia, o dañada intención por parte del demandado, y de hecho no aplicó el artículo 279 del Código de Enjuiciamiento Civil, sino los principios generales del derecho, que ordenan que se devuelva a su dueño lo tomado indebidamente o su justo precio, en su caso. Y para sostener esa sentencia, es indudable que la demanda ofrecía una base aun más amplia de lo que era necesario.

Resuelta la cuestión de la suficiencia de la demanda en tal sentido, veamos si la corte sentenciadora cometió el error que se le atribuye al declarar probada la existencia del contrato de arrendamiento.

En la demanda se alegó que el demandante tenía arrendada la finca de que se trata y en el acto de la vista el demandante presentó como prueba del contrato un documento privado que no fué admitido por la corte, sin que se exprese en la exposición del caso el motivo que tuvo la corte para no admitirlo. Examinada la prueba testifical aparece que el demandante declaró, bajo juramento y sin que a ello se opusiera la parte contraria, que tenía arrendada la finca, y, que otro testigo, Pablo Rivera, también declaró, bajo juramento y sin que a ello se opusiera el demandado, "que fué llamado

por José Robles para presenciar un corte de maderas *en una finca que él tenía arrendada,"* etc.

En el hecho de la no admisión del documento privado como prueba y en la disposición contenida en el artículo 7 de la Ley de Evidencia, Leyes de 1905, página 105, con respecto a que un documento escrito es en sí la mejor evidencia posible de su existencia y contenido, se funda ahora el demandado y apelante para decir que la corte sentenciadora erró al declarar probada la existencia del contrato de arrendamiento. Pero dada la actitud del propio demandado en el acto de la vista, es evidente que es ya demasiado tarde para levantar tal cuestión. El demandado permitió sin objeción alguna que se practicara prueba testifical sobre el arrendamiento; la corte creyó el dicho de los testigos, y basándose en él pudo declarar, como declaró probada, la existencia del contrato.

"* * * es un principio de derecho, que cualquier testimonio probatorio puede ser considerado por la corte, si no se presenta objeción alguna a la admisión del mismo. El derecho de objeción se considera renunciado si no se ejercita. *Burton* v. *Driggs,* 20 Wall., 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 462; *Patrick* v. *Graham,* 132 U. S., 627; *Coinden* v. *Doremus,* 3 How., 515. Esta es una aplicación de la máxima *Consensus.tollit errorem."* *Falero et al* v. *Falero,* 15 D. P. R., 118, 122.

Resueltas en tal sentido las dos únicas cuestiones suscitadas por el apelante, procede declarar sin lugar el recurso interpuesto y confirmar en todas sus partes la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.