[L. A. No. 6052. In Bank.—October 11, 1920.]

RICHARD ZELLNER, Jr., Appellant, v. E. C. WASSMAN et al., Respondents.

[1] SPECIFIC PERFORMANCE—AGREEMENT TO BEQUEATH MONEY—PERSONAL SERVICES—ADEQUACY OF LEGAL REMEDY.—Equitable relief in the nature of specific performance of an agreement to bequeath a sum of money in consideration of personal services is unavailable, since a legal action for damages affords adequate relief.

---

1. Specific performance of contract to make will, notes, Ann. Cas. 1914A, 399; 44 L. R. A. (N. S.) 733.

[2] ID.—BAR OF LEGAL ACTION—STATUTE OF FRAUDS—INSUFFICIENT GROUND FOR EQUITABLE RELIEF.—Specific performance of an oral contract to bequeath money will not be granted because a legal action for damages is barred by the statute of frauds, since the statute is not disregarded in equity.

[3] STATUTE OF FRAUDS—EQUITY.—The statute of frauds is enforced in suits for equitable relief as well as in actions at law, subject to the rule that, since the statute was designed to prevent fraud, equity will not permit it to be used as an instrument for the accomplishment of fraudulent purposes.

[4] ID.—EQUITABLE ESTOPPEL—APPLICABILITY OF DOCTRINE TO LEGAL ACTIONS.—Where the administration of law and equity has been merged in one court, the doctrine that equity will not permit the statute of frauds to be used as an instrument for the accomplishment of fraudulent purposes is not confined to suits in equity but is equally available in an action at law.

[5] ID.—AGREEMENT TO LEAVE PROPERTY BY WILL—STATUTE OF FRAUDS —INSUFFICIENT WRITING.—An agreement to leave property by will fails to fulfill the requirements of section 1624 of the Civil Code, as amended in 1905, which provides that such agreements must be reduced to writing or evidenced by some written memorandum, where the only writing or memorandum shown is that of a copy of a will containing a simple bequest and making no reference to any agreement and the original will is not found upon the death of the alleged promisor.

[6] ID.—ORAL AGREEMENT—INSUFFICIENT EXECUTION.—An oral agreement to leave property by will is not sufficiently executed so as to prevent the application of section 1624 of the Civil Code by the execution of a will containing such a bequest where the original will is not shown to have been in existence upon the death of the alleged promisor.

[7] ID.—RELIEF—RECOVERY OF REASONABLE VALUE OF SERVICES.— While an oral contract to bequeath money in consideration of performance of services cannot be enforced either in law or equity, in the absence of any representation that the contract was to be reduced to writing, the promisee is nevertheless entitled to recover for the reasonable value of services rendered.

[8] PLEADING—MISTAKE AS TO FORM OF RELIEF—RIGHT OF RECOVERY. There being but one form of civil action in this state, a plaintiff may recover if his complaint states any cause of action entitling him to any relief at law or in equity, and he cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled.

---

2. Remedy of person performing services under void contract for devise, note, Ann. Cas. 1913A, 288.

[9] CONTRACT—BENEFIT—PAYMENT OF REASONABLE VALUE.—Where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the recipient to pay the reasonable value of whatever has been received under the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Murphey for Appellant.

Slosson & Mitchell and Leonard B. Slosson for Respondents.

LENNON, J.—Plaintiff appeals from a judgment of nonsuit in an action brought against the administrator and heirs at law of Hugo C. Wassman, deceased, upon an alleged contract of said deceased to leave certain property to plaintiff by will. The claim sued upon emanates from the following circumstances set forth in the complaint: Frequently every year, for a period of seven years, commencing in 1905, the mother of deceased requested plaintiff to come to her home and take charge of deceased during attacks of delirium tremens, to which he was subject. Complying with these requests, plaintiff, on many occasions during the years above mentioned, remained with the deceased a large part of his time, both day and night, and, in order to do so, neglected his business. Plaintiff was also frequently requested to and did attend deceased as a companion, and both deceased and his mother declared to plaintiff that the latter was of great assistance and benefit to the said deceased. In addition to these services, plaintiff aided the mother of deceased in business matters and advised the purchase, for the sum of three thousand dollars, of certain real property which was sold by her a few days prior to her death for thirty-five thousand dollars, five thousand dollars of which was paid in cash, and thirty thousand dollars by a promissory note secured by a mortgage. In consequence of the foregoing, the mother of deceased declared to plaintiff, in the presence of her son, that she intended to pay plaintiff five thousand

dollars, and that she would bequeath him that amount by will, for she did not have the money with which to pay him at the time; she requested her son, the deceased, to pay plaintiff five thousand dollars from her estate in the event that she died without making a will or paying the said sum, and the son agreed to do so.

The money was never paid by the mother, who died intestate in the month of July, 1912, leaving to her son, as her sole heir at law, an estate consisting of $4,776.80 in cash, real estate valued at five hundred dollars, and the above-mentioned promissory note for thirty thousand dollars. At the time of the mother's death the son was suffering from serious illness, caused by excessive drinking, and plaintiff, upon the son's request, temporarily gave up his business and devoted several weeks to the care of said son. As a result of the efforts of plaintiff and one other person, the son had, prior to October, 1912, altogether stopped drinking alcoholic liquors. At that time, the son being himself unable to act as administrator of his mother's estate, asked plaintiff to act in that capacity and plaintiff did so. During the administration of the estate the son told plaintiff that he desired to compensate plaintiff for his services to him and to carry out the wishes of his mother with respect to the payment of the five thousand dollars, but that there would not be sufficient money for that purpose until the thirty thousand dollar note was paid. This was so, he said, because, although cured of the drinking habit, he was unable to earn a living and was entirely dependent upon the proceeds of his mother's estate for support. He then proposed to plaintiff that, if plaintiff would waive his administrator's fees, amounting to approximately one thousand one hundred dollars, and would make no claim against his mother's estate, he, in turn, would pay plaintiff five thousand dollars out of the money collected on the thirty thousand dollar note, provided that the amount of said note was collected prior to his death, and that he would make a will and bequeath plaintiff five thousand dollars, so that plaintiff would be secured in event the son died before the note was collected. Plaintiff agreed to accept this proposition and fully performed all of the conditions on his part. The note is still uncollected, save for interest and a small portion of the principal, amounting to less than three thousand dollars, and the son

did not, during his lifetime pay, or have sufficient money with which to pay, the five thousand dollars to plaintiff. Although the son made and executed a will wherein he bequeathed five thousand dollars to plaintiff, no will was found upon his death, which occurred November 26, 1917. Administration of the estate is now pending, the only heirs of the decedent being two uncles, one of whom resides in Hanover, Germany, and the other in the state of Tennessee.

The complaint is drawn upon two theories: (1) That plaintiff is entitled to specific performance of the alleged agreement; (2) that the action is a suit at law upon a claim against the estate of the decedent, duly presented and rejected by the administrator.

[1] Under the facts disclosed by the complaint, equitable relief in the nature of specific performance is unavailable. Agreements to leave property by will often consist of promises to devise real property in return for peculiar personal services, or other consideration, which was not intended to be and, in the contemplation of law, could not be, compensated by money, and this circumstance has rendered possible the frequent interposition of equity in cases involving violations of such agreements. The fact remains, however, that, in actions upon these agreements, as in other actions upon contracts, inadequacy of the legal remedy to compensate for the breach is the keystone of equitable jurisdiction. Since plaintiff relies upon an alleged contract to bequeath a specified sum of money, the case falls within the decision of this court in *Morrison* v. *Land,* 169 Cal. 580, [147 Pac. 259], where it was said: "An ordinary action at law for breach of the contract would bring him the very thing to which he is entitled under the allegations of his complaint—afford him full and adequate relief. In such an action, the measure of damages would have been the value of the property agreed to be bequeathed, for that was the amount in which he was damaged by the breach. (See 40 Cyc. 1073.) Attorneys for respondents pertinently ask, 'Is a decree in equity ordering payment of a sum of money from the estate to plaintiff any more perfect and complete justice to him than a common-law judgment in his favor and against the estate for a like sum?' A clearer case of adequacy of remedy at law could not be made than that presented here. The situation is such as to absolutely preclude resort to equity." [2]

In support of the proposition that the case is amenable to equitable jurisdiction, counsel for plaintiff advances the naive argument that plaintiff's remedy at law is inadequate if a legal action is barred by the statute of frauds. This proposition, if adopted, would lead to the anomalous result that all oral agreements within the statute of frauds which had been performed by one of the parties thereto would be specifically enforceable in equity upon the ground that the statute rendered a recovery at law impossible. Moreover, plaintiff would gain nothing even were he permitted to sue for equitable relief in the nature of specific performance, for the statute of frauds is not disregarded in equity. [3] It is enforced in suits for equitable relief as well as in actions at law, subject to the rule that, since the statute was designed to prevent fraud, equity refuses to permit it to be used as an instrument for the accomplishment of fraudulent purposes. (3 Pomeroy's Equity Jurisprudence, sec. 1293.) [4] Where the administration of law and equity has been merged in one court, this doctrine of equitable estoppel is not confined to suits in equity, but is equally available in an action at law. (5 Browne on Statute of Frauds, p. 575; *Seymour* v. *Oelrichs,* 156 Cal. 782, [134 Am. St. Rep. 154, 106 Pac. 88].) Therefore, a plaintiff's claims to an equitable estoppel will be considered in determining whether or not his cause of action is barred by the statute of frauds, whether the action be at law upon the contract or an equitable action seeking specific performance.

[5] This brings us to a consideration of the legal action upon the claim presented against the estate. Agreements to leave property by will must be reduced to writing or evidenced by some written note or memorandum, for, by virtue of the 1905 amendment to section 1624 of the Civil Code, they are within the purview of the statute of frauds. It is admitted that the agreement of the son to leave five thousand dollars by will herein sued upon was not reduced to writing and that no written note or memorandum thereof was made unless the will executed by deceased, a copy of which was attached to the complaint, fulfills the requirements of the statute in that respect. The will in question contained a simple bequest of five thousand dollars to plaintiff, without reference to any agreement in respect thereto. The preeminent qualification of a memorandum under the statute

of frauds is "that it must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties." (5 Browne on Statute of Frauds, sec. 371.) Accordingly, it has been held in this state that an undelivered deed cannot be regarded as a sufficient memorandum of an oral agreement for the sale of land therein described when the deed is silent as to the terms of the alleged agreement and merely conveys the land from one party to another. (*Swain* v. *Burnette,* 89 Cal. 564, 570, [26 Pac. 1093].) In other jurisdictions the same reasoning has been applied to a will, for some reason ineffective upon the death of the testator, which makes no mention of the terms of the contract in pursuance of which it is alleged to have been executed. (*Allen* v. *Bromberg,* 163 Ala. 620, [50 South. 884]; *McClanahan* v. *McClanahan,* 77 Wash. 138, [Ann. Cas. 1915A, 461, 137 Pac. 479].) A potential factor in furtherance of fraud would be engendered were a will containing a simple bequest permitted to operate as evidence of a binding contract to make such a bequest. It must, therefore, be held that there is no written memorandum of the agreement here in suit.

[6] Nor does this case fall within the rule that the statute of frauds cannot be invoked in case of a completed oral contract (*Schultz* v. *Noble,* 77 Cal. 79, [19 Pac. 182]; *Colon* v. *Tosetti,* 14 Cal. App. 693, [113 Pac. 365]), for the contract now sued upon was not completed. The reason that the contract is now in court is because the decedent did not perform his part of the alleged agreement by causing to be in existence at the time of his death a will bequeathing five thousand dollars to plaintiff. The mere execution of a will was not a performance of the contract.

It has been stated that the right of courts of equity to hold a person estopped to assert the statute of frauds where such assertion would amount to practicing a fraud applies "in every transaction where the statute is invoked." (2 Pomeroy's Equity Jurisprudence, sec. 921; *Seymour* v. *Oelrichs, supra.*) We may assume, for the purposes of this case, without deciding, that this doctrine applies to contracts to leave property by will, for, in any event, the circumstances of this case are not such as to estop defendants from invoking the statute of frauds as a defense. As a

general rule, neither the mere omission to put a contract in writing nor such omission coupled with performance is alone sufficient to create an estoppel. "A plaintiff . . . must be able to show clearly . . . such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape his performance; and also that the plaintiff, in reliance on this representation, proceeded, either in performance or pursuance of his contract, to so far alter his position as to incur 'an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense.' " (5 Browne on Statute of Frauds, p. 585.) Plaintiff's services to decedent's mother were apparently rendered upon the basis of friendship. The performance relied upon by plaintiff consisted in waiving administrator's fees and refraining from presenting a claim against the mother's estate, in addition to certain personal services, in consideration of an oral promise to leave plaintiff five thousand dollars by will. There was, therefore, no such change of conditions and relations in reliance upon the contract that a refusal of the other party to perform would amount to fraud, as was the case in *Barry* v. *Beamer,* 8 Cal. App. 200, [96 Pac. 373], cited by counsel for plaintiff. There was no representation on the part of decedent that he would reduce the promise to writing, as was the case in *Seymour* v. *Oelrichs, supra.* The words and conduct on the part of decedent in making the oral promise and accepting plaintiff's performance did not amount to an inducement to plaintiff to, in effect, waive a written instrument in reliance upon a representation that decedent would stand by his agreement and not avail himself of the statute of frauds. There is, therefore, an absence of the element of fraud which is requisite to an estoppel. It is a case in which the consequences of the failure to comply with the statute must be borne by the party who seeks to enforce the agreement, and it follows that plaintiff has no cause of action upon the contract.

[7] While the contract cannot be enforced, either in law or equity, we think that plaintiff is, nevertheless, entitled to some relief under the pleadings and evidence offered in support thereof, and that, as a consequence, the judgment of nonsuit was erroneous. [8] There being but one form of

civil action in this state, a plaintiff may recover if his complaint "states *any* cause of action entitling the plaintiff to *any* relief at law or in equity." (*Hayden* v. *Collins,* 1 Cal. App. 259, 261, [81 Pac. 1120].) It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled. (*Walsh* v. *McKeen,* 75 Cal. 519, [17 Pac. 673]; *Rogers* v. *Duhart,* 97 Cal. 500, [32 Pac. 570]; *Brown* v. *Anderson-Cottonwood Irr. Dist.,* 183 Cal. 186, [190 Pac. 666].) [9] Where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the party receiving the benefits to pay the reasonable value of whatever has been received under the contract. (2 Elliott on Contracts, sec. 1216.) In the present case it appears, from a careful examination of the pleadings, that plaintiff has pleaded facts sufficient to entitle him, under the rules just mentioned, to a recovery for the reasonable value of his services. It is true that the cause of action for the reasonable value of the services is inartificially set forth and that the pleadings ought to be amended for the purpose of clarifying the issues, but the facts pleaded were sufficient to advise defendants of the nature of the basis of plaintiff's claim of recovery, and objection, so far as the sufficiency of the complaint was concerned, was raised only by general demurrer. The claim presented to the administrator by plaintiff and sued upon in the present action sets forth facts sufficient to show the nature of the services performed; a request for the services on the part of decedent; that the services rendered were not gratuitous, but were rendered, to some extent, at least, in expectation of and under a definite arrangement for compensation; that plaintiff has received no compensation therefor. Testimony in support of all of these allegations was either given or offered and refused; proof of the value of the services and the failure to pay the same was offered and rejected. The trial court evidently proceeded upon the theory that both of plaintiff's causes of action were predicated solely upon the contractual claim,

which, as we have above stated, was unenforceable. However, in view of the presence in the pleadings of facts sufficiently stating the elements of a cause of action for the value of the services rendered, and in view of the fact that sufficient evidence in support of such cause of action was either introduced or offered for introduction, the nonsuit should not have been granted.

The judgment is reversed.

Shaw, J., Sloane, J., Olney, J., Lawlor, J., Wilbur J., and Angellotti, C. J., concurred.

Rehearing denied.

Shaw, J., Lawlor, J., Olney, J., Sloane, J., and Lennon, J., concurred.