[Civ. No. 1101.   Fourth Appellate District.—April 3, 1934.]

FAY M. BURR, Respondent, v. JOHN C. FLOYD, Executor, etc., Appellant.

Dayton L. Ault and John A. Hewicker for Appellant.

Harrison G. Sloane for Respondent.

JENNINGS, J.—Plaintiff instituted this action to recover from the executor of the last will of Eva W. Blake the sum of $7,305, which was alleged to be the reasonable value of personal services rendered by plaintiff as a nurse and house-keeper for Eva W. Blake during a period of approximately seven years. The complaint alleged that during the month of January, 1925, Eva W. Blake, who then resided in Indiana, contemplated moving to California and that she proposed to plaintiff that the latter accompany her and orally agreed that if plaintiff would sever her connections in Indiana and would accompany her and remain with her and assist her until the time of her death she would compensate plaintiff therefor by providing in her will that plaintiff should have an income sufficient to support her. The complaint also alleged that plaintiff accepted the proposal shortly after January 1, 1925; that she severed her other connections and took up her abode with Eva W. Blake and that she thenceforth resided with Eva W. Blake during her lifetime and served her and in every way fully performed her part of the agreement. The complaint further alleged that in February, 1928, Eva W. Blake executed a will wherein she provided that plaintiff should be paid $80 per month during

her lifetime and so long as she should remain unmarried but that on March 4, 1932, she made a new will wherein she made no provision for plaintiff's support but left all of her estate to her son, John G. Floyd, who was named in the will as executor.

The action was tried before a jury, which returned a verdict in plaintiff's favor for the sum of $5,460. In conformity with the verdict a judgment was thereupon entered that plaintiff should recover from defendant the above stated sum together with costs and that defendant as executor should pay the amount of the judgment in due course of administration of the estate. This appeal is taken by the defendant from the judgment as rendered. The notice of appeal also states that the appeal is taken from the court's ruling in plaintiff's favor on defendant's motion for a new trial.

On this appeal appellant advances three contentions. These are, first, that the evidence is insufficient to sustain the verdict; second, that the cause of action is barred by the statute of limitations; and, third, that the court incorrectly instructed the jury to the prejudice of appellant. These three contentions will be considered *seriatim*.

Relative to the first contention it is urged that, assuming that there was an oral agreement by appellant's testatrix to compensate respondent by making provision therefor in her will, as alleged in the complaint, nevertheless respondent was not entitled to recover in *quantum meruit* since the evidence showed that respondent agreed to devote all of her time to caring for the decedent and the uncontradicted evidence showed that during the entire period covered by the agreement respondent sought and at times obtained other employment and on a number of occasions left the home of decedent and remained away for varying periods of time. This contention necessitates close examination of the evidence.

It must be conceded that the evidence which was produced during the trial of the action showed that from the time respondent took up her residence with appellant's testatrix until the latter's death in March, 1932, a period of approximately seven years, respondent did at various times endeavor to secure other employment and that on three occasions she was successful in this effort and secured out-

side employment. The evidence disclosed that the total period of time covered by the three occasions amounted to approximately three months and three weeks and that during the time respondent was engaged in this outside employment she continued to reside with the decedent and upon her return to the home in the afternoons she immediately resumed her accustomed duties. The evidence also showed that during the seven-year period respondent was absent from the home on three or four occasions for short periods of time; that on one such occasion she went to Santa Barbara and was gone for about a week; that on another occasion she went to a country resort where she remained for one or two weeks; that on the third occasion she left the home and took up her residence in a hotel in the city of San Diego, where she remained for approximately a week.

It appears to be appellant's contention that respondent's agreement was that she should devote her entire time to caring for the decedent and that since the evidence showed that she was absent from decedent's home on a number of occasions and that on some of these occasions she was engaged in other employment, she was not entitled to recover anything for the reasonable value of the services which she performed for the decedent during more than six and a half years of the period. The statement of the contention is sufficient to carry its own refutation. In the first place, we fail to discover from the evidence that respondent's agreement was so inflexible and so limited that it required respondent to devote every moment of her time to caring for the decedent. A number of witnesses called by respondent testified that the decedent had told each of them that she had persuaded respondent to come and stay with her and had agreed that if respondent would remain with her and care for her during her lifetime she would see that adequate provision was made for respondent after her death. The record shows that ample evidence was produced which showed that respondent cooked all food, assisted generally in the housework, procured supplies for the household, acted as business adviser, ran errands and served as nurse; that the decedent expressed her satisfaction in the rendition of these services by respondent; that the value of respondent's services was not less than $25 per week. In this connection it is fair to observe that the evidence showed that decedent was often ill

during the time respondent lived with her and required assistance on many occasions during the night hours. We think, therefore, that the record fails to sustain appellant's contention in this regard and that a fair statement of respondent's agreement, as shown by the evidence, is that respondent should remain with decedent and care for her during her lifetime. We think, also, that the evidence indicated that respondent did properly perform her agreement, and that the reasonable value of the services performed by her, eliminating all time which the evidence showed respondent was absent from decedent's home, whether respondent was otherwise employed or not, was not less than the sum awarded by the jury's verdict.

Appellant's second contention is that, assuming the existence of the oral agreement of the decedent to compensate respondent by making provision therefor in her will, the evidence showed a breach by respondent of her agreement to care for decedent in that respondent sought and obtained other employment more than two years prior to the time this action was instituted and the cause of action is therefore barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, which requires an action upon a contract not founded upon a written instrument to be brought within two years after breach of such agreement. This contention, like the first, is based on the hypothesis that respondent was by her agreement obligated to devote her entire time to caring for appellant's testatrix. We have heretofore indicated that it is our opinion that the evidence respecting the agreement does not justify appellant's contention that respondent agreed that she would devote every moment of her time to caring for the decedent.

Furthermore, it must be observed that the action instituted by respondent was upon *quantum meruit* and that the agreement of the decedent as shown by the evidence was an express contract to compensate by will. It is settled that, under such circumstances, the law will imply a promise to pay the reasonable value of the services rendered when the express promise to compensate by will has failed of fulfillment. (*Estate of Rohrer*, 160 Cal. 574, 576 [117 Pac. 672, Ann. Cas. 1913A, 479]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Warder* v. *Hutchison*, 69 Cal. App. 291, 296 [231 Pac. 563]; *Lauritsen* v. *Goldsmith*, 99 Cal. App.

671, 675 [279 Pac. 168].) Not only does the law, under the circumstances disclosed by the record herein imply a promise to pay the reasonable value of the services but the implication of the law is that payment shall take place upon the termination of the services. The evidence established that the services were to be rendered during the lifetime of the promisor and that no compensation for them was to be paid until after the promisor's death. It was only upon the happening of this event that respondent's services were to terminate. The cause of action for the reasonable value of respondent's services did not therefore come into existence until the day of the death of decedent and it cannot successfully be contended that any part of the period of service was barred by the statute of limitations. (*Hagan* v. *McNary,* 170 Cal. 141 [148 Pac. 937, L. R. A. 1915E, 562]; *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178 [188 Pac. 1034]; *Warder* v. *Hutchison, supra; Lauritsen* v. *Goldsmith, supra.*)

■ Appellant's third and final contention is that the trial court committed reversible error in giving to the jury a certain specified instruction. The record shows that during the early part of the trial of the action counsel for respondent called her as a witness and commenced to propound questions of a general nature relating to the allegations of the complaint. An objection by appellant on the ground that the witness was disqualified to testify generally as to any and all matters relative to her demand which had occurred prior to the death of the decedent because of the inhibition contained in subdivision 3 of section 1880 of the Code of Civil Procedure was sustained. Counsel for the respective parties then entered into the following stipulation: ''That since the death of Eva W. Blake, plaintiff has not been paid anything on account of the sums demanded in the complaint.'' The court thereupon instructed the jury that the parties had entered into the foregoing stipulation and that it was to be regarded as an established fact in the case. After the taking of evidence had been concluded and counsel had argued the case to the jury, the court in advising the jury gave the following instruction which forms the basis for the objection now being considered: ''In case you should find that plaintiff substantially performed her part of such agreement, as is alleged in the complaint, between

the parties, you will then have to fix the reasonable value of the services rendered by the plaintiff during the period covered by the contract. There is no contention on the part of the defendant that plaintiff has received compensation in whole or in part. I had better say there is no contention that plaintiff has been paid any part of the amount claimed by her in her complaint.''

It is argued that the practical effect of this instruction was to advise the jury that the appellant admitted that he owed respondent the amount demanded in the complaint and that he had failed and refused to pay the same. Appellant's criticism is particularly directed to the last sentence of the instruction which it is said amounted to telling the jury that appellant had made no contention that he had paid any part of the amount claimed by respondent and that there was no contention on his part that respondent was not entitled to the full amount demanded.

Appellant's contention in this regard is not sustainable. In the first place, the instruction, in and of itself, is not properly subject to the criticism directed to it. In the second place, as has been often remarked, it is not proper for a reviewing court to take one isolated instruction and consider it alone separate and apart from the other instructions given. The record herein demonstrates that in a number of instructions the jury was plainly advised that the primary issue to be determined was whether or not there was an agreement of the character alleged in the complaint; that if the contract proven was a different agreement than that respondent should be compensated for her services appellant was not entitled to succeed; that if the evidence showed that respondent had failed, neglected or refused to do the things required by her alleged oral agreement she was not entitled to succeed; that if the evidence failed to establish the existence of the alleged agreement a verdict should be returned in appellant's favor; that if the jury found from the evidence that the alleged agreement had been made it would be necessary then to determine whether or not respondent had substantially performed her part of such agreement. It is thus apparent that the jury was fully and properly instructed relative to the necessity of discovering whether or not the alleged agreement had been made and whether or not respondent had substantially performed her part of it.

Finally, the very verdict of the jury establishes that the jury was not misled by the criticised instruction. The total amount demanded by the complaint was $7,305 and evidence was produced from which the jury might have found that such an amount was due. The verdict, however, was for a sum substantially less than the amount demanded. Obviously, the jury did not place upon the criticised instruction the interpretation contended for by appellant, since, if it had, the verdict would have been for the full amount claimed.

■ One contention by respondent deserves consideration. It is urged that it is apparent that this appeal was taken solely for delay and that the circumstances disclosed by the record are such as to warrant the imposition of a penalty upon appellant personally.

Respondent's argument in support of her contention that a penalty should be imposed upon appellant personally takes the following form: The record discloses that the appraised value of the decedent's estate was $11,408.11. Of this amount the sum of $6,000 represented the appraised value of decedent's home in San Diego and $5,158.75 was the appraised value of certain securities owned by decedent at the time of her death. Appellant was the sole beneficiary under decedent's last will. Appellant was justified in rejecting respondent's claim against the estate and in requiring her to make proof of it before a jury. The verdict of the jury and the judgment rendered in conformity with it on May 26, 1933, settled all legitimate doubts respecting the validity of the claim and appellant should then have taken steps to pay the judgment. Liquidation of the estate in May, 1933, for the purpose of satisfying the judgment would, however, have made a deep cut in the assets of the estate. Appellant chose, therefore, to prosecute this appeal solely for the purpose of delay. Appellant had everything to gain and nothing to lose by thus delaying final settlement. Since he was the sole beneficiary under the will, he alone would benefit if, during the pendency of the appeal, the property of the estate should appreciate in value. On the other hand, if the estate depreciated in value to an amount less than the amount of the judgment, respondent alone would suffer. It is therefore urged that the gamble of delay was taken by appellant solely at respondent's expense.

The above-stated argument is not impelling for several reasons. In the first place, assuming that it is patent that the appeal was taken solely for delay and assuming further that we are warranted in considering respondent and appellant personally as the only persons interested in the estate, the statement of the gamble which it is said appellant took is hardly a fair statement. It is entirely conceivable that, during the pendency of the appeal, the property of the estate might either appreciate or depreciate in value. If an appreciation should occur, manifestly, appellant alone would benefit. It is also true that if the value of the estate should depreciate so greatly that it would fall below the amount of respondent's judgment respondent would suffer. However, in such event, respondent would not alone suffer. Appellant would likewise suffer. Furthermore, it was not reasonable to anticipate that the value of the estate would, during the pendency of the appeal, shrink more than fifty per cent in value. If there should be a depreciation to any extent less than fifty per cent appellant alone would suffer by the delay.

Furthermore, we are by no means convinced of the correctness of the above-stated assumptions. In the first place, although appellant was the sole beneficiary under the will, the property of the estate had not been distributed to him. Conceivably there may have been creditors other than respondent who had claims against the estate. Until distribution was made appellant was a trustee of the assets and property of the estate and owed to all persons interested the duty of conserving the assets. We are not prepared to declare that the proper performance of this duty required immediate satisfaction of respondent's judgment. Finally, although the contentions advanced in support of this appeal have not favorably impressed us, we are not disposed to accede to respondent's suggestion that the appeal is patently frivolous and that it was obviously taken solely for the purpose of delay.

The attempted appeal from the order denying a new trial is dismissed and the judgment from which this appeal has been taken is affirmed.

Barnard, P. J., and Marks, J., concurred.