[Civ. No. 11841. First Dist., Div. Two. Jan. 9, 1942.]

ERMINIA DEMARTINI, Respondent, v. PHIL C. KATZ, as Administrator, etc., Appellant.

Henry F. Boyen, Frank J. Fontes, Stanislaus A. Riley and Andriano & Lowery for Appellant.

J. J. Doyle for Respondent.

DOOLING, J. pro tem.—This is an appeal from a judgment in favor of plaintiff for $3150. The trial court found that plaintiff rendered services to decedent Raffetto from September 1, 1910 to June 1, 1914 and from June 24, 1919 to October 20, 1937 for and in consideration of and with the agreement, promise and understanding that for the continuous and indefinite period of such services the decedent as compensation would leave by will to plaintiff an adequate and reasonable amount, that decedent died intestate on October

20, 1937, and that the reasonable value of all such services was $3150.

Appellant states the questions presented on this appeal as follows:

"1. The court found that the decedent expressly promised to compensate plaintiff by testamentary bequest and if the evidence is insufficient to support such finding, can such judgment be sustained on the theory of an implied agreement?

"2. Is plaintiff's alleged cause of action partly barred by the provisions of subdivision 1 of Section 339 of the Code of Civil Procedure . . . where a part of the services upon which the judgment is based, terminated 23 years before the death of decedent?

"3. Where a substantial part of the alleged services is barred, do the findings based thereon support a judgment for a lump sum, where there is nothing by which the court can apportion the amount of the judgment between what is barred and what is not barred?"

■ In connection with point 1 the appellant argues that the complaint failed to state a cause of action because an oral contract to leave property by will is unenforceable. However the complaint and findings both bring this case clearly within the rule of *Burr* v. *Floyd*, 137 Cal. App. 692 [31 Pac. (2d) 402], and the cases cited on page 696 of the opinion in that case, that when an express oral contract to compensate for services by will is not fulfilled the law implies a promise to pay their reasonable value. The court found the oral promise to compensate by will, the failure to perform it, and the reasonable value of the services. It thus found all the elements set out in those cases as justifying a recovery. The recovery is not on the oral contract, but on the contract which the law implies upon the failure to perform the oral contract.

The evidence is ample to support the findings as to the services rendered, the promise to compensate for them by will, and as to their reasonable value.

The defense of the statute of limitations admittedly has no application to the continuous period June 24, 1919 to the time of decedent's death. (*Wax* v. *Adair*, 16 Cal. App. (2d) 393 [60 Pac. (2d) 904].) ■ However, as to the period September 1, 1910 to June 1, 1914, the cause of action is clearly barred. The evidence shows that about June 1, 1914, the decedent ceased to live in plaintiff's home and plaintiff rendered him no services from that date until he came again

to live with plaintiff in June of 1919. There is no evidence of any promise made by decedent during the period from 1910 to 1914 to compensate plaintiff by will or at all for the services rendered during that period. It follows that as to any possible implied contract to pay for the services from 1910 to 1914 the statute commenced to run when the decedent left plaintiff's home on June 1, 1914. (*Long* v. *Rumsey,* 12 Cal. (2d) 334 [84 Pac. (2d) 146].)

Respondent does not dispute this but argues that the findings should be construed as allowing compensation only for the period from June 24, 1919 to October 20, 1937. The findings will not bear this construction.

Finding I reads, so far as necessary to quote it to make its meaning clear:

"That plaintiff rendered services to Carlo Emanuele Raffetto . . . from the 1st day of September, 1910, to on or about the 1st day of June, 1914, and from the 24th day of June, 1919, to on or about the 20th day of October 1937 . . . that the reasonable value of all of the foregoing services was and is the sum of Thirty-one Hundred Fifty Dollars."

"*All* of the foregoing services" clearly refers back to the services rendered in both periods described in the first part of the findings.

Since the court allowed a lump sum for the services rendered in both periods the conclusion that the claim for services in the earlier period is barred necessitates a reversal. However, it will only be necessary to have a retrial on the single issue of the reasonable value of the services covered by the later period, since all other findings were supported by the evidence. (*Morris* v. *Standard Oil Co.,* 188 Cal. 468 [205 Pac. 1073] ; *Pretzer* v. *California Transit Co.,* 211 Cal. 202, 203 [294 Pac. 382] ; *Hollywood Cleaning & Pressing Co.* v. *Hollywood Laundry Service,* 217 Cal. 131 [17 Pac. (2d) 712].)

The judgment is reversed with directions to the trial court to find that the claim for services rendered between September 1, 1910 and June 1, 1914 is barred by subdivision 1, section 339, Code of Civil Procedure, to retry the question of the reasonable value of the services rendered between June 24, 1919 and October 20, 1937, and to render judgment for plaintiff for the reasonable value of such services. Appellant is allowed his costs on appeal.

Nourse, P. J., and Sturtevant, J., concurred.