[Civ. No. 6941. Third Dist. Aug. 31, 1943.]

CLARENCE W. BEARD, Appellant, v. HERBERT CARROL MELVIN, as Administrator With the Will Annexed, etc., Respondent.

George L. Popert and Busick & Busick for Appellant.

Murle C. Shreck and T. G. Negrich for Respondent.

ADAMS, P. J.—Appeal from a judgment in favor of defendant made on plaintiff's failure to amend his second amended complaint after order sustaining defendant's demurrer thereto.

Plaintiff's second amended complaint alleges that on February 14, 1940, Alice Melvin died testate, possessed of real and personal property; that her will was duly admitted to probate and that defendant Herbert Carroll Melvin became the administrator with the will annexed of the estate of said decedent; that plaintiff is a son of said Alice Melvin and was, by her said will, given a one-third interest in certain real property described in said complaint appraised at $4,000; that said Alice Melvin was the widow of Herbert G. Melvin who died on December 16, 1917, and was the sole legatee under the will of said Herbert G. Melvin; that said estate had an appraised value of $26,660; that a decree of final distribution was made of said estate; that at the time of the death of said

Herbert G. Melvin he was indebted to plaintiff in the sum of $6,912.68; that thereafter plaintiff entered into an oral agreement with Alice Melvin that in consideration of plaintiff's not filing and prosecuting his claims against the estate of said Herbert G. Melvin the said Alice Melvin would make provision in her will for plaintiff, in an amount not less than one-fourth of her estate; that pursuant to said agreement, plaintiff did not file a claim against the estate of said Herbert G. Melvin and never received any payment on his said claim; that Alice Melvin failed and omitted to fulfill her agreement and did not in her will provide a legacy or bequest to plaintiff in an amount not less than one-fourth of her estate; and that by reason of her failure to perform she became indebted to plaintiff, at the time of her death, under an implied contract, for the reasonable value of the claims which plaintiff held against the estate of Herbert G. Melvin, which reasonable value plaintiff alleges to be $6,912.68. It is further alleged that plaintiff filed a claim in the estate of said Alice Melvin for the said amount, but that said claim was rejected by defendant. A copy of said claim was attached to plaintiff's complaint, and judgment was prayed for the sum of $6,912.68.

Defendant demurred generally to plaintiff's said complaint, and set up that it appeared upon the face thereof that plaintiff's claim was barred by the statute of frauds and that it was also barred by the provisions of subdivision 2 of section 337 and subdivision 1 of section 339 of the Code of Civil Procedure. Defendant's demurrer was sustained and plaintiff was allowed ten days to amend; but, after due notice, he failed to do so, and judgment for defendant was entered.

On this appeal appellant, in effect, concedes that the alleged oral contract of Alice Melvin to provide for appellant by her will is unenforceable by reason of subdivision 6 of section 1624 of the Civil Code, except as to an asserted estoppel of defendant hereinafter discussed, but he asserts that "recovery is prayed for upon the promise which the law implies on the part of Alice Melvin to pay the reasonable value of the benefits which she received, under the terms of her express oral contract to compensate appellant by will"; that "The Estate can be held upon an implied promise to pay for the benefits which she received under the original agreement"; that "Recovery is not asked upon the original promise on the part of Alice Melvin, but recovery is requested on the implied promise which the law raises against her."

In support of his contention that his complaint states a cause of action to recover upon such an implied promise, appellant relies particularly upon the language of the court in *Zellner* v. *Wassman*, 184 Cal. 80 [193 P. 84], where it is stated at page 88:

''Where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the party receiving the benefits to pay the reasonable value of whatever has been received under the contract.''

He also cites *Demartini* v. *Katz*, 49 Cal.App.2d 67 [120 P.2d 944], *Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561 [71 P.2d 817], and *Dondero* v. *Aparicio*, 63 Cal.App. 373 [218 P. 608]. The first two of these cases involved agreements to compensate by will for services rendered to a decedent at his request, in which the courts held that, while the oral contract could not be enforced in view of the statute of frauds, plaintiff could recover in an action at law on a quantum meruit for the reasonable value of the services performed by plaintiff upon a contract implied by law. It was in support of its holding to that effect that the court, in the Zellner case, used the general language above quoted upon which appellant relies.

*Paul* v. *Layne & Bowler Corporation, supra,* was not a case involving an oral agreement to make a will, but was an action for damages for breach of an oral agreement to make a lease of certain property for a period of three years, plaintiff alleging that he had taken possession of the property and made certain expenditures for improvements thereon. The court held that no right of action existed for damages for the breach of the invalid oral contract, but that plaintiff's remedy was for ''a return of or compensation for the benefits which the defendant has received under the plaintiff's occupancy by which the defendant has become unjustly enriched and for which it is therefore indebted to the plaintiff.''

In *Dondero* v. *Aparicio, supra,* plaintiffs sought to recover $1,100 alleged to be the balance due them from defendants under an oral contract for the sale by plaintiff to defendants of certain land. The court said that the action was but an ordinary action at law in assumpsit, and that therefore cases in which oral agreements for the sale of real property have, upon equitable considerations, been upheld had no application; that where a parol agreement for the sale of real property

has been fully executed on the part of the seller and nothing remains to be done by the other except to pay the consideration, relief is generally afforded in law by permitting the seller to recover, not upon the contract of sale, but in assumpsit upon the promise implied by law. There the transaction had not been fully performed by plaintiffs, however, as there was no delivery of a deed and acceptance thereof, so the judgment for plaintiffs was reversed.

Appellant deduces from the foregoing decisions, and particularly from the language used in *Zellner* v. *Wassman,* above quoted, that in "all cases of oral contracts where recovery cannot be had thereon because of the requirements of the statute of frauds" a plaintiff can recover the reasonable value of whatever has been performed by him or has been received under the oral contract by the defaulting party; and that accordingly he is entitled to recover from the estate of Alice Melvin the amount of the claim which he had against the estate of Herbert G. Melvin because he forebore filing his said claim. While the quoted language used by the court in *Zellner* v. *Wassman* is broad in its implications, it is contended by respondent that it must be restricted in its application; and while he concedes that where personal services are performed for a decedent a recovery for the reasonable value thereof may be had on a contract implied by law, he asserts that the principle there set forth may not be extended to cover cases other than those involving personal services.

Assuming, but not deciding, that the general principle set forth in the above quoted excerpt from the opinion in *Zellner* v. *Wassman* may be extended to cover cases other than those involving services performed for a decedent under an oral contract unenforceable under the statute of frauds, or improvements to realty under contracts which cannot be enforced under the statute, if we eliminate the allegations of plaintiff's complaint regarding the oral agreement what allegations remain to show a right of appellant to recover under an implied contract? An implied contract is defined by section 1621 of the Civil Code to be one the existence and terms of which are manifested by conduct; that is, one the terms of which are not stated in words. In cases such as *Zellner* v. *Wassman, supra,* the conduct of the decedent in accepting the services rendered and in failing to make payment therefor is held sufficient to imply an obligation to pay their reasonable value. In cases such as *Paul* v. *Layne & Bowler Corporation,*

*supra*, the conduct of the one party in receiving and retaining the benefits resulting from improvements to his real property resulting from the acts of the other party, is held to imply an obligation to pay the reasonable value thereof. Is any such conduct on the part of Alice Melvin here alleged as manifests the existence and terms of a contract to pay to appellant ''the reasonable value of the claims which said plaintiff held against the estate of Herbert G. Melvin''?

The oral contract itself may not be relied upon to support an implied contract. It is said in 27 C.J. 315 that ''Whatever the form of the action may be, if the proof of a promise or contract within the statute is essential to maintain it, there can be no recovery unless the statute is satisfied.'' And in *Thacher* v. *New York, W. & B. Ry. Co.*, 153 App.Div. 186 [138 N.Y.S. 463, 466], the court said: ''The whole theory of allowing a recovery upon quantum meruit where the contract is found to be void under the statute proceeds upon an elimination of the contract. There is no contract in existence to be availed of by either the plaintiff or the defendant to fix their several rights, duties, or obligations. . . . If, although the statute declared the contract to be void and incapable of enforcement, it could still be made use, of to fix the respective liabilities of the parties, the statute would become a nullity.''

The only allegations of plaintiff's amended complaint as to the conduct of the parties which can be relied upon to support an implied contract are that Herbert G. Melvin died possessed of property; that in his last will and testament he made his wife, Alice Melvin, the sole legatee and devisee thereof; that said estate had on hand for final distribution property of the net appraised valuation of $26,660; that the decree of final distribution was made and entered and has become final; that at the time of his death said Herbert G. Melvin was ''indebted to plaintiff'' in the sum of $6,912.68; that plaintiff did not file or prosecute his said claims against the estate of Herbert G. Melvin and has never been paid; that Alice Melvin did not provide for plaintiff in her will except to give him a one-third interest in real property appraised at $4,000; that plaintiff filed a claim against the estate of Alice Melvin, which was denied. It is not alleged that Herbert G. Melvin's will was admitted to probate nor is it alleged that his estate was distributed to Alice Melvin. Obviously, the foregoing does not allege conduct on the part of either plaintiff or Alice Melvin from which a contract of any kind can be implied. Even if it had been

alleged that the estate of Herbert G. Melvin was distributed to Alice Melvin—which it is not—the fact that she succeeded to the estate of her deceased husband and accepted same could not be said to be conduct on her part from which a contract to pay plaintiff "the reasonable value of the claims" which plaintiff held against the estate of Herbert G. Melvin could be inferred. It is not alleged that plaintiff's failure to file his claim in the estate of Herbert G. Melvin was due to a request on the part of Alice Melvin nor does it follow, from the allegations of said complaint, that Alice Melvin received any benefit from plaintiff's abstention from filing his alleged claim. The court cannot assume that said claim was valid and enforceable and that if it had been filed it would have been paid. Same may have been barred by the statute of limitations or unenforceable for other reasons. Its value for this reason is not subject to be ascertained, determined or measured. (*Russell* v. *Agar*, 121 Cal. 396, 398 [53 P. 926, 66 Am. St.Rep. 35].) For the same reasons no quasi contract or obligation created by law for reasons of justice arises from the facts alleged. Where, as here, plaintiff merely alleges that A owed him a specified sum and that he refrained from filing and prosecuting a claim against the estate of said A, the law does not imply that the heirs or devisees of such decedent who succeed to his estate become obligated to such claimant for the amount of his said claim. If this were true, the statute requiring the filing of claims against the estates of decedents would be superfluous. We conclude that plaintiff's complaint does not state a cause of action upon a quasi contract or an implied contract.

However, even if we were to hold that plaintiff has stated a cause of action not dependent upon the alleged oral agreement, we would be constrained to hold that it was barred by the statute of limitations. Appellant contends that the statute did not begin to run until the death of Alice Melvin; that it began to run only when she "failed to carry out in her will her express oral agreement," thus relying upon the oral agreement. In support of this contention appellant cites *Zellner* v. *Wassman, supra, Burr* v. *Floyd*, 137 Cal.App. 692 [31 P.2d 402], *Morrison* v. *Land*, 169 Cal. 580 [147 P. 259], and *Bacon* v. *Kessel*, 31 Cal.App.2d 245 [87 P.2d 857]. In the Zellner case the question of the statute of limitations did not arise. *Burr* v. *Floyd, supra,* was also an action to recover the value of personal services rendered to a decedent on an oral

contract to compensate by will. There the court did say that "under such circumstances, the law will imply a promise to pay the reasonable value of the services rendered when the express promise by will has failed of fulfillment." But it was not said in connection with whether the statute of limitations did or did not bar recovery. The word "when" as used by the court obviously did not refer to time, but meant "in a case where" the express promise to compensate by will has failed of fulfillment. In *Morrison* v. *Land, supra,* where it was sought to secure specific enforcement of a contract to compensate for services by will, plaintiff did not allege that he had filed a claim against the estate of decedent, and the language at page 585, relied upon by appellant, was used in connection with the court's discussion of the necessity for the filing of such a claim. The effect of the statute of limitations was not considered in the case.

*Bacon* v. *Kessel, supra,* did not involve a contract within the statute of frauds, but a contract by appellant, one of the beneficiaries under a will, that if respondent would not contest said will she would see that he got one-eighth share of her portion thereof. When the estate was distributed she repudiated her agreement, whereupon this action was commenced to enforce the contract. The court said that the action was one for damages for breach of an oral contract and that the statute of limitations did not bar the action which was begun within two years after the distribution of the estate. The case is not comparable to the one before us. Here appellant is suing, not on the oral contract but upon what he contends is a contract implied by law; and he cannot rely upon the oral contract to toll the statute of limitations.

The question of when the statute of limitations begins to run in cases where services have been rendered to a decedent under an oral contract to compensate by will, such as *Long* v. *Rumsey,* 12 Cal.2d 334 [84 P.2d 146], *Demartini* v. *Katz, supra,* and *Winder* v. *Winder,* 18 Cal.2d 123 [114 P.2d 347], has apparently been one causing considerable difference of opinion in the courts of this state. In most of these cases the services were rendered up to the time of the death of the promisor, and in such cases it has been held that the statute did not begin to run until the termination of the services, or, as it was sometimes stated, until the promise to compensate by will has failed of fulfillment. When the death of the promisor and the termination of the services coincided the effect

was the same whichever was said to start the running of the statute. But in *Long* v. *Rumsey, supra,* the last services rendered by the plaintiff to decedent terminated some sixteen years before the latter's death, wherefore it became necessary to decide whether the termination of the services or the death of the decedent was to be. the starting point. In its first opinion in the case (77 P.2d 1064), the Supreme Court adopted the opinion of the District Court of Appeal and held that the date of the death of the promisor governed. Two justices dissented, and on rehearing (12 Cal.2d 334 [84 P.2d 146]), a different opinion was rendered, wherein, though it did not base its decision upon the ground that the action was barred by the statute of limitations, the court said, page 343, after citing cases including *Zellner* v. *Wassman,* and *Burr* v. *Floyd, supra,* that "It may be taken as established by these cases that ordinarily a promise to pay the value of such services is implied by law at the termination thereof, and that the statute of limitations then begins to run." And in the later case of *Winder* v. *Winder,* 18 Cal.2d 123 [114 P.2d 347], it said, page 127:

"It is the settled law of this state that when continuous personal services are performed under an express agreement for compensation upon termination thereof, which agreement is unenforceable because not in writing (Code Civ. Proc., sec. 1624; Civ. Code, sec. 1973), the reasonable value of the services may be recovered and that the statute of limitations does not commence to run until the termination of the services, which, in such cases, is usually upon the death of the promisor. (*Long* v. *Rumsey,* 12 Cal.2d 334 [84 P.2d 146]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84]; *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259]; *Estate of Rohrer,* 160 Cal. 574 [117 P. 672, Ann.Cas.1913A 479]; *De Mattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522]; *Burr* v. *Floyd,* 137 Cal.App. [692] 696 [31 P.2d 402]; *Warder* v. *Hutchison,* 69 Cal.App. 291 [231 P. 563]; *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178 [188 P. 1034].)"

We conclude from the foregoing that if, under the allegations of plaintiff's complaint herein, any cause of action on an implied or quasi contract arose, the obligation of Alice Melvin, if any such resulted, commenced at the time when her obligation came into being, if it ever did, and not upon

her death, and that same was barred by the statute of limitations.

Coming now to the matter of estoppel, appellant alleged in his brief that "Under the rule laid down in *Keller* v. *Gerber,* 49 Cal.App. 515, 522 [193 P. 809], where a verbal contract has been so far performed by one of the parties relying upon the good faith of the other, that he could have no adequate remedy except by complete performance, Courts of equity will decree its execution upon the grounds that the refusal to execute the same under such circumstances was a fraud." He then asserts that in the case at bar, defendant is estopped to assert the statute because plaintiff relied upon the good faith of Alice Melvin to perform her oral agreement, that she became unjustly enriched, and her failure to perform under such circumstances amounted to a fraud upon plaintiff. In this connection appellant apparently overlooks the fact that elsewhere in his brief he expressly declares that his action is not one for specific performance of the oral contract but one "upon the promise which the law implied . . . when decedent failed to carry out in her will her express oral agreement." Regardless of this inconsistency, appellant's contention that defendant is estopped cannot be sustained. Estoppels are not favored in law (10 Cal.Jur. 613), and in plaintiff's complaint the allegations of essential elements of an estoppel are entirely lacking.

Furthermore, one of the very cases relied upon by appellant on this appeal holds contrary to his contention. In *Zellner* v. *Wassman, supra,* it was said at pages 86-87:

"As a general rule, neither the mere omission to put a contract in writing nor such omission coupled with performance is alone sufficient to create an estoppel. 'A plaintiff . . . must be able to show clearly . . . such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape his performance; and also that the plaintiff, in reliance on this representation, proceeded, either in performance or pursuance of his contract, to so far alter his position as to incur "an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense."'" (5 Browne on Statute of Frauds, p. 585.) Plaintiff's services to decedent's mother were apparently rendered upon the basis of friendship. The

performance relied upon by plaintiff consisted in waiving administrator's fees and refraining from presenting a claim against the mother's estate, in addition to certain personal services, in consideration of an oral promise to leave plaintiff five thousand dollars by will. There was, therefore, no such change of conditions and relations in reliance upon the contract that a refusal of the other party to perform would amount to fraud, as was the case in *Barry* v. *Beamer,* 8 Cal. App. 200 [96 P. 373], cited by counsel for plaintiff. There was no representation on the part of decedent that he would reduce the promise to writing, as was the case in *Seymour* v. *Oelrichs, supra* [156 Cal. 782 (106 P. 88, 134 Am.St.Rep. 154)]. The words and conduct on the part of decedent in making the oral promise and accepting plaintiff's performance did not amount to an inducement to plaintiff to, in effect, waive a written instrument in reliance upon a representation that decedent would stand by his agreement and not avail himself of the statute of frauds. There is, therefore, an absence of the element of fraud which is requisite to an estoppel. It is a case in which the consequences of the failure to comply with the statute must be borne by the party who seeks to enforce the agreement, and it follows that plaintiff has no cause of action upon the contract.'' (Also see *Paul* v. *Layne & Bowler Corp., supra,* at p. 565, and *Trout* v. *Ogilvie,* 41 Cal.App. 167, 174 [182 P. 333].)

Plaintiff's complaint contains no allegation of fraud on the part of Alice Melvin, and, as hereinbefore pointed out, appellant asserts that his complaint is not for enforcement of the contract but for the value of his claim against the estate of Herbert G. Melvin.

As we are of the opinion that plaintiff's complaint does not state a cause of action and that defendant's demurrer thereto was properly sustained, the judgment is affirmed.

Peek, J., and Thompson, J., concurred.