[Civ. No. 18172.  First Dist., Div. Two.  Apr. 8, 1959.]

ROSE ROONEY, Appellant, v. RAYMOND L. SULLIVAN, as Executor, etc., Respondent.

Thomas P. O'Brien for Appellant.

Malone & Sullivan for Respondent.

DOOLING, J.—This is an appeal from a judgment entered on an order sustaining without leave to amend defendant's demurrer to plaintiff's second amended complaint.

The second amended complaint contained three causes of action. The first was for the reasonable value of services performed and actual amount of money expended. It was alleged that during 1944 decedent requested appellant to render services and to provide food, supplies and transportation for her. Decedent promised in return for this assistance to execute a will wherein she would devise to appellant a certain lot of land and a home thereon together with certain furniture and furnishings. Appellant in reliance on this promise rendered services "until about October, 1951," of the reasonable value of $6,000 and expended the sum of $1,606.66. Decedent executed a will devising the property promised to appellant but decedent was subsequently declared incompetent and her appointed guardian thereafter caused the property so devised to be sold.

Appellant's second and third causes of action sought recovery in common counts for reasonable value of services and for money expended.

Respondent generally demurred and specifically raised the statute of frauds (Code Civ. Proc., § 1973, subd. 6; Civ. Code, § 1624, subd. 6) and the statute of limitations (Code Civ. Proc., § 339).

Although appellant suggests that the pleading does not state that the agreement was an oral one, it does not seem that this point is being seriously emphasized, since the appeal is based on the rule of implied in law agreement to pay reasonable value of services when an express oral agreement to com-

pensate by will is not fulfilled. In any event this could readily be cured by amendment and under present well-settled rules the sustaining of a demurrer on that ground without leave to amend would be error.

An action upon a contract not evidenced by an instrument in writing must be commenced within two years after the action accrues. (Code Civ. Proc., § 339, subd. 1.)

Where services are rendered under an oral agreement to compensate the person rendering them by the will of the promisor and the oral promise to compensate by will is not carried out the law implies an obligation to pay the reasonable value thereof. (*Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 P. 84]; *Demartini* v. *Katz,* 49 Cal.App.2d 67, 69 [120 P.2d 944].)

The substantial question presented is whether in such cases the statute of limitations commences to run on this contract implied in law from the date of the termination of the services or from the death of the promisor. The cases have been in some confusion on the question. (*Toney* v. *Security-First Nat. Bank,* 108 Cal.App.2d 161, 166 [238 P.2d 645], holding that the statute runs from the date of death; *Beard* v. *Melvin,* 60 Cal. App.2d 421, 429-430 [14 P.2d 720], holding that it runs from the date of termination of the services; see also the expressions by way of dictum only in *Long* v. *Rumsey,* 12 Cal. 2d 334 [84 P.2d 146]; *Winder* v. *Winder,* 18 Cal.2d 123 [114 P.2d 347, 144 A.L.R. 935]; *Tabata* v. *Murane,* 24 Cal.2d 221 [148 P.2d 605].) *Demartini* v. *Katz, supra,* 49 Cal.App.2d 67, did not consider this question, since we expressly held (p. 70) that as to the period 1910-1914 at which the services had been interrupted there was no evidence of an oral promise to compensate for those particular services by will.

Unless there is a prior repudiation of the promise to compensate by will of which the promisee has knowledge, in which event the statute might commence to run from the date of such repudiation (*Maddox* v. *Rainoldi,* 163 Cal.App.2d 384, 391 [329 P.2d 599]), logic compels the conclusion that no cause of action upon the contract implied in law arises until the death of the promisor without carrying out the express promise to compensate by will, since it is the failure of the promisor to carry out the express promise which gives rise to the implied promise to pay the reasonable value. This was the rationale of our holding in *Maddox* v. *Rainoldi, supra.* In that case we said (163 Cal.App.2d pp. 391-392):

". . . The basis of such recovery is the repudiation of the

oral trust and the unjust enrichment which would accrue to the oral trustor thereby. The action is on the implied promise which the law imposes to repay advances where the original oral promise in reliance upon which the money was advanced cannot be enforced because of the statute of frauds. (*Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 P. 84]; *Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561, 566 [71 P.2d 817]; *Leoni* v. *Delany*, 83 Cal.App.2d 303, 310 [188 P.2d 765, 189 P.2d 517].) . . .

''The very basis of the cause of action . . . is the implied promise which the law raises because the oral promise cannot be enforced. It seems logical to hold that until the repudiation of the oral promise, or its breach in some other fashion, the law imposes no such implied promise to repay. Such is the rule in the case of actions to recover money paid the vendor under oral contracts to convey real property. (*Laffey* v. *Kaufman*, 134 Cal. 391 [66 P. 471, 86 Am.St.Rep. 283].) In that case the court said at page 393: 'The right of the vendee of land, upon a verbal contract, to recover the money or other consideration paid is by all the authorities confined to those cases where the vendor has refused or become unable to carry out the contract. . . .' (To the same effect: *Thompson* v. *Schurman*, 65 Cal.App.2d 432, 437-438 [150 P.2d 509]; Rest., Contracts, § 355(4); 49 Am.Jur., Statute of Frauds, § 564, p. 870.) The statute of limitations only commences to run 'after the cause of action shall have accrued' (Code Civ. Proc., § 312) and the 'cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time' (*Dillon* v. *Board of Pension Commrs.*, 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800]).

''We are satisfied that until defendant's oral promise was repudiated no suit for restitution could have been maintained and hence the statute of limitations is no bar to these counts. This question was not decided in *Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146], nor in any of the other cases cited by respondent.''

In neither *Beard* v. *Melvin*, supra, 60 Cal.App.2d 421 nor *Toney* v. *Security-First Nat. Bank*, supra, 108 Cal.App.2d 161, which announce conflicting rules on this subject, was a hearing sought in the Supreme Court. However in *Maddox* v. *Rainoldi*, supra, the Supreme Court denied a petition for a hearing.

The reasoning of Maddox, hereinabove quoted, compels the conclusion that the statute of limitations did not com-

mence to run in this case upon the termination of the services. Actually the decedent not only did not repudiate her oral promise to compensate by will, but did everything in her power to carry it out, and only the misfortune of her becoming incompetent frustrated her purpose.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 3, 1959.