SCHOTTKY, J.
Cyril McDonald, as the administrator of the estate of Louis R. Battro, deceased, appeals from a judg *510 ment in favor of Minnie M. Vito in an action brought by her to recover for the reasonable value of services rendered to the decedent during his lifetime.
An agreed statement of facts discloses that Louis Battro came to live with the Vito family in 1932. He lived with them continuously until 1945 when the Vitos moved from their residence at 130 Virginia Street in Vallejo to a smaller home located at 702 Springs Road, Vallejo. Mr. Battro continued to live at the Virginia Street address and paid rent to the new occupant until 1953 when the Vitos moved into another home in which they had room for Mr. Battro. Thereafter, he again lived with the Vitos until his death in 1957.
Mr. Battro was unemployed for most of the period of the 1930's. At the beginning of World War II he secured employment at the naval shipyard at Mare Island. He then promised Mrs. Vito that if she would permit him to live with her family as he had in the past she would receive all of his insurance and retirement benefits at his death. During the war Mr. Battro paid Mrs. Vito approximately $30 per month for room and board.
After Mr. Battro returned to the Vito household in 1953, he reaffirmed his earlier promise that he would take care of Mrs. Vito at his death and reassured her that she had been made the beneficiary of his insurance policies and retirement benefits. Apparently Mr. Battro also paid $30 per month during this period.
During the period Mr. Battro lived with the Vitos he was treated as a member of the family. Mrs. Vito did his laundry and sewing. She took care of him when he was ill.
Mr. Battro died intestate. He had not made Mrs. Vito the beneficiary of his life insurance policies or his retirement benefits. She filed a claim against his estate, and, after it was rejected, she brought this action to recover for the reasonable value of the services rendered. The trial court awarded her $2,500 and the public administrator as the administrator of Mr. Battro's estate has appealed.
The principal contention urged by appellant is that the court erred in not invoking the statute of limitations for the period of time from 1932 to 1945. Appellant contends that this portion of the claim was barred by the statute of limitations. In Rooney v. Sullivan, 169 Cal.App.2d 432 [337 P.2d 543] (hearing denied), it was held that where services are rendered under an oral agreement to compensate the person performing the services by the will of the promisor *511 and the oral promise is not carried out the statute of limitations runs from the date of the death of the promisor unless there is a prior repudiation by the promisor of which the promisee has knowledge. It is only the failure of the promisor to carry out his promise which gives rise to the implied promise to pay the reasonable value of the services. (See also 2 Corbin on Contracts, § 428; and 1 Bowe-Parker: Page on Wills, § 10.38.)
The facts of the Rooney case were that the services terminated over two years prior to the death of the promisor. Unless the statute ran from the date of the promisor’s death, plaintiff in the Rooney case would have been denied recovery.
Appellant relies upon the ease of Demartini v. Katz, 49 Cal.App.2d 67 [120 P.2d 944], in which the court held that where services are performed during two separate periods of time, and there is no promise during the first period to compensate for services then rendered, the period of limitation upon a cause of action to recover on an implied promise to pay the reasonable value of services performed during that period commences to run when the services are interrupted. The same judge who wrote the opinion in Demartini v. Katz, supra, wrote the opinion in Rooney v. Sullivan, supra, and stated at page 434:
“The substantial question presented is whether in such eases the statute of limitations commences to run on this contract implied in law from the date of the termination of the services or from the death of the promisor. . . . Demartini v. Katz, supra, 49 Cal.App.2d 67, did not consider this question, since we expressly held (p. 70) that as to the period 1910-1914 at which the services had been interrupted there was no evidence of an oral promise to compensate for those particular services by will.
“Unless there is a prior repudiation of the promise to compensate by will of which the promisee has knowledge, in which event the statute might commence to run from the date of such repudiation (Maddox v. Rainoldi, 163 Cal.App.2d 384, 391 [329 P.2d 599]), logic compels the conclusion that no cause of action upon the contract implied in law arises until the death of the promisor without carrying out the express promise to compensate by will, since it is the failure of the promisor to carry out the express promise which gives rise to the implied promise to pay the reasonable value. . . .”
We conclude that the statute of limitations did not commence to run in the instant case until the death of Mr. Battro. *512 His reaffirmation of his promise after he resumed living with the Vitos permits an inference that he was still willing and able to perform. Under such circumstances, Mrs. Vito would not have had a cause of action against him until his death.
Appellant’s further contention that the amount awarded respondent is excessive is based upon his contention that any recovery for the period prior to 1945 was barred by the statute of limitations. If appellant were correct in this contention, the maximum amount that could be recovered by respondent would be $1,080 ($60 a month times 36 months, which equals $2,160, less $30 a month received for 36 months, or $1,080 net). However, since we have held that the statute of limitations is not applicable, the judgment of $2,500 in favor of respondent is amply supported by the record.
The judgment is affirmed.
Van Dyke, P. J., and Peek, J., concurred.